| Fill in this information to identify the case |
| --- |

United States Bankruptcy Court for the:

_Southern_     District of    _New York_
                             (State)

Case number (*If known*): _____    Chapter   11

☐ Check if this is an
   amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
| --- | --- | --- |
| 1. | **Debtor's name** | Fairway Group Holdings Corp. |

| | | |
| --- | --- | --- |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names, and *doing business as* names | See Schedule 1 |

| | | |
| --- | --- | --- |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 20-5942788 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
| --- | --- |
| 2284 12th Avenue | |
| Number      Street | Number      Street |
| | P.O. Box |
| New York    NY    10027 | |
| City    State    ZIP Code | City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| New York County | |
| County | Number      Street |
| | City    State    ZIP Code |

| | | |
| --- | --- | --- |
| 5. | **Debtor's website** (URL) | www.fairwaymarket.com |

| | | |
| --- | --- | --- |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other.  Specify: |

WEIL:\95662252\6\44444.0005

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

SIC Code 5411 (NAICS Code 4451)

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

     ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☒ A plan is being filed with this petition.

     ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes   District _____ When _____ Case number _____
                               MM/ DD/ YYYY

       District _____ When _____ Case number _____
                               MM / DD/ YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes   Debtor    See Schedule 2        Relationship _____

       District _____ When _____

       Case number, if known _____    MM / DD/ YYYY

WEIL:\95662252\6\44444.0005

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| Number | Street |
|--------|--------|
| City | State | ZIP Code |

**Is the property insured?**    ☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     <u>May 2, 2016</u>
                  MM  DD/YYYY

✗     <u>/s/ Edward C. Arditte</u>                      <u>Edward C. Arditte</u>
         Signature of authorized representative of debtor         Printed name

         <u>Co-President and Chief Financial Officer</u>
         Title

**18. Signature of attorney**

✗     <u>/s/ Matthew S. Barr</u>     Date         <u>May 2, 2016</u>
         Signature  of attorney for  debtor                    MM / DD / YYYY

         <u>Ray C. Schrock, P.C., Matthew S. Barr</u>
         Printed Name

         <u>Weil, Gotshal & Manges LLP</u>
         Firm Name

         <u>767 Fifth Avenue</u>
         Number       Street

         <u>New York</u>             <u>NY</u>        <u>10153</u>
         City                        State         ZIP Code

         <u>(212) 310-8000</u>           <u>ray.schrock@weil.com, matt.barr@weil.com</u>
         Contact phone                   Email address

         <u>4860631 /  2800175</u>           <u>NY</u>
         Bar Number                    State

WEIL:\95662252\6\44444.0005

## <u>Schedule 1</u>

<u>All Other Names Used By the Debtor or its Affiliates in the Last 8 Years</u>

1. Fairway

2. Fairway Market

3. Fairway - Like No Other Market

4. Fairway Como Ningún Otro Mercado

5. The World's Greatest Food Store

6. The World's Greatest Wines & Spirits Store

7. Fairway Café

8. Fairway Café & Steakhouse

9. Fairway Wines & Spirits

10. Fairway Wines

## Schedule 2

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York. The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered under the number assigned to the chapter 11 case of **Fairway Group Holdings Corp.**

| Company | Case Number |
|---|---|
| Fairway Group Holdings Corp. | 16-_____ (        ) |
| Fairway Group Acquisition Company | 16-_____ (        ) |
| Fairway Bakery LLC | 16-_____ (        ) |
| Fairway Broadway LLC | 16-_____ (        ) |
| Fairway Chelsea LLC | 16-_____ (        ) |
| Fairway Construction Group, LLC | 16-_____ (        ) |
| Fairway Douglaston LLC | 16-_____ (        ) |
| Fairway East 86th Street LLC | 16-_____ (        ) |
| Fairway eCommerce LLC | 16-_____ (        ) |
| Fairway Georgetowne LLC | 16-_____ (        ) |
| Fairway Greenwich Street LLC | 16-_____ (        ) |
| Fairway Group Central Services LLC | 16-_____ (        ) |
| Fairway Group Plainview LLC | 16-_____ (        ) |
| Fairway Hudson Yards LLC | 16-_____ (        ) |
| Fairway Kips Bay LLC | 16-_____ (        ) |
| Fairway Nanuet LLC | 16-_____ (        ) |
| Fairway Paramus LLC | 16-_____ (        ) |
| Fairway Pelham LLC | 16-_____ (        ) |
| Fairway Pelham Wines & Spirits LLC | 16-_____ (        ) |
| Fairway Red Hook LLC | 16-_____ (        ) |
| Fairway Stamford LLC | 16-_____ (        ) |
| Fairway Stamford Wines & Spirits LLC | 16-_____ (        ) |
| Fairway Staten Island LLC | 16-_____ (        ) |
| Fairway Uptown LLC | 16-_____ (        ) |
| Fairway Westbury LLC | 16-_____ (        ) |
| Fairway Woodland Park LLC | 16-_____ (        ) |

Official Form 201A (12/15)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
                                     :

In re                           :         **Chapter 11**
                                       :

**FAIRWAY GROUP HOLDINGS CORP.,**   :        **Case No. 16-_____ (___)**
                                         :

             **Debtor.**               :
                                         :
---------------------------------------------------------x

### Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

        If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **001-35880**.

        The following financial data is the latest available information and refers to Fairway's[1] condition on **April 3, 2016**.

| | |
|---|---|
| Total assets | $230,173,244 |
| Total debts (including debts listed in 2.c., below) | $386,708,536 |

Debt securities held by more than 500 holders

Approximate number of holder

| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | _____ |

Number of shares of preferred stock                  0
Number of shares common stock               Class A: 29,926,248
                                         Class B: 14,203,171

Comments, if any:

_____

_____

        Brief description of debtor's business: Fairway is a growth-oriented food retailer, offering customers a differentiated one-stop shopping experience "Like No Other Market." Fairway began in the 1930s as a fruit and vegetable stand located on Broadway and 74th Street in Manhattan under the name "74th Street Market." In 1954, Fairway expanded the 74th Street location, adding groceries, meat, cheese, dairy products and frozen foods, and renamed the store "Fairway" to convey the concept of "fair prices." In the mid-1970s, Fairway began expanding into gourmet and specialty categories, transforming its retail grocery operations into a full service food superstore known for high quality and value pricing.

        Fairway has established itself as a leading food retailing destination in the Greater New York City metropolitan area. Fairway's stores emphasize an extensive selection of fresh, natural, and organic products, prepared foods, and hard-to-find specialty and gourmet offerings, along with a full assortment of conventional groceries. Fairway operates fifteen (15) locations in the Greater New York City metropolitan area, including four

---

[1] The total assets and liabilities herein are provided on a consolidated basis with all Fairway Group Holdings Corp. direct and indirect subsidiaries.

(4) Fairway Wines & Spirits locations.  Seven (7) Fairway stores are located in New York City and the remainder of Fairway's stores are located in New York (outside of New York City), New Jersey, and Connecticut.

List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

Sterling Investment Partners, L.P. and Sterling Investment Partners II, L.P.
Howard Glickberg

WEIL:\95662252\6\44444.0005

## RESOLUTIONS OF THE BOARD OF DIRECTORS OF
## FAIRWAY GROUP HOLDINGS CORP.

Effective as of this 2nd day of May, 2016, pursuant to a special meeting on the same date, the members constituting at least a majority of the votes of a quorum of the board of directors (the "**Board of Directors**") of Fairway Group Holdings Corp. (the "**Company**"), a Delaware corporation, upon a motion duly made and seconded and acting pursuant to the Company's organizational documents, took the following actions and adopted the following resolutions:

**WHEREAS**, the Board of Directors of the Company has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses;

**WHEREAS**, the Board of Directors has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, the Board of Directors desires to approve the following resolutions.

## I.     Commencement of Chapter 11 Case

**NOW, THEREFORE, BE IT RESOLVED**, that the Board of Directors has determined, after consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that any officer of the Company (each, an "**Authorized Officer**") in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and under its corporate seal or otherwise, all petitions, schedules, motions, lists, applications, pleadings, and other papers in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case (the "**Chapter 11 Case**"), including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with the transactions and professional retentions set forth in this resolution, with a view to the successful prosecution of the Chapter 11 Case; and be it further

**RESOLVED**, that Dennis Stogsdill hereby is appointed Chief Restructuring Officer of the Company, and shall report to the Board of Directors and any applicable officers of the Company as directed by the Board of Directors; and be it further

## II.    Debtor-in-Possession Financing

**RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interest of the Company to engage in, and the Company will obtain benefits from, the lending transactions, under that certain superpriority secured debtor-in-possession credit facility in an aggregate principal amount of $86,000,000 to be evidenced by that certain Senior Secured Priming and Superpriority Debtor-in-Possession Credit Agreement, to be entered into by and among Fairway Group Acquisition Company, as borrower, the Company, as a guarantor, the lenders from time to time party thereto (the "**Lenders**") and Credit Suisse AG, Cayman Islands Branch as administrative agent (in such capacity, including any successor thereto, the "**Administrative Agent**") and as collateral agent (in such capacity, including any successor thereto, the "**Collateral Agent**") for the Lenders (together with the Exhibits and Schedules annexed thereto, the "**DIP Credit Agreement**") (capitalized terms used in this section with respect to debtor-in-possession financing and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement); in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion and attainment of the business of the Company (the "**Debtor-in-Possession Financing**"); and be it further

**RESOLVED**, that the form, terms and provisions of each of (i) the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Case, substantially in the form presented to the Board of Directors (ii) the Guarantee and Collateral Agreement and (iii) any and all of the other agreements, including, without limitation, any guarantee and security agreement, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing (together with the DIP Credit Agreement, collectively, the "**DIP Financing Documents**") and the Company's performance of its obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Credit Agreement and any other DIP Financing Documents, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the Agent or required by the DIP Credit Agreement and any other DIP Financing Documents; and be it further

**RESOLVED**, that the Company be, and hereby is, authorized to guarantee the Obligations and to undertake any and all related transactions contemplated under the DIP Financing Documents including the granting of security thereunder (collectively, the "**DIP Financing Transactions**"); and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP Financing Documents to secure all of the obligations and liabilities of the Company thereunder to the Lenders and the Agent, and to authorize, execute, verify, file and/or deliver to the Agent,

2

on behalf of the Company, all agreements, documents and instruments required by the Lenders in connection with the foregoing; and be it further

RESOLVED, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Credit Agreement or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

RESOLVED, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement and/or any of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

## III.    Retention of Advisors

RESOLVED, that the firm of Alvarez and Marsal, located at 600 Madison Avenue, 8th Floor, New York, NY 10022, is hereby retained as financial advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, NY 10153, is hereby retained as attorneys for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of Prime Clerk LLC, located at 830 Third Avenue, 9th Floor, New York, NY 10022, is hereby retained as claims, noticing and solicitation agent for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of Norton Rose Fulbright US LLP, located at 666 Fifth Avenue, New York, NY 10103, is hereby retained as special corporate counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of Curtis, Mallet-Prevost, Colt & Mosle LLP, located at 101 Park Avenue, New York, NY 10178, is hereby retained as conflicts counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

## IV.    Restructuring Support Agreement

RESOLVED, that in connection with the Chapter 11 Case, it is in the best interest of the Company to enter into a Restructuring Support Agreement (the "**Restructuring Support Agreement**") on terms and conditions substantially similar to those set forth in the form of Restructuring Support Agreement previously provided to the Board of Directors; and be it further

WEIL:\95686251\8\44444.0005

**RESOLVED**, that the form, terms and provisions of the Restructuring Support Agreement together with the Plan of Reorganization (the "**Plan**") and related Disclosure Statement (the "**Disclosure Statement**") annexed thereto and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved and declared advisable and in the best interest of the Company, with such changes therein and additions thereto as the executive officer of the Company executing the same may in his discretion deem necessary or appropriate, the execution of the Restructuring Support Agreement, Plan or Disclosure Statement, as applicable, to be conclusive evidence of the approval thereof; and be it further

**RESOLVED,** that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, the Restructuring Support Agreement, Plan and Disclosure Statement substantially in the forms presented to the Board of Directors and such other documents, agreements, instruments and certificates as may be required by the Restructuring Support Agreement, Plan and Disclosure Statement; and be it further

## V.    Solicitation

**RESOLVED**, that the materials presented to the Board of Directors with respect to the solicitation of votes on the Plan, including, but not limited to, the form of the Plan, Disclosure Statement, and related documents, each be, and hereby are, approved; and further, that each of the Authorized Officers be, and each of them hereby is, authorized, following the execution of the Restructuring Support Agreement, to sign the Plan and related Disclosure Statement on the Company's behalf and commence the process of soliciting votes on the Plan; and be it further

## VI.    Exit Facility Financing

**RESOLVED**, that in connection with exiting the Chapter 11 Case, it is in the best interest of the Company to engage in, and the Company will obtain benefits from, the guarantee of the lending transactions, under that certain exit credit facility in an aggregate principal amount of approximately $170,000,000 as described in that certain Exit Facility Summary of Proposed Terms and Conditions ("**Exit Term Sheet**"), which will be evidenced by that certain credit agreement, to be entered into by and among Fairway Group Acquisition Company, as borrower, the Company as a guarantor, the lenders from time to time party thereto (the "**Exit Lenders**"), and Credit Suisse AG, Cayman Islands Branch as administrative agent (in such capacity, including any successor thereto, the "Administrative Agent") and as collateral agent (in such capacity, including any successor thereto, the "Collateral Agent") for the Exit Lenders (together with the Exhibits and Schedules annexed thereto, the "**Exit Credit Agreement**") (capitalized terms used in this section with respect to exit facility financing and not otherwise defined herein shall have the meanings ascribed to such terms in the Exit Term Sheet); in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion and attainment of the business of the Company (the "**Exit Financing**"); and be it further

**RESOLVED**, that the form, terms and provisions of each of (i) the Exit Term Sheet, substantially in the form presented to the Board of Directors (ii) an the Guarantee and

Collateral Agreement and (iii) any and all of the other agreements, including, without limitation, the Exit Credit Agreement, any guarantee and security agreement, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Exit Financing (together with the Exit Credit Agreement, collectively, the "**Exit Financing Documents**") and the Company's performance of its obligations thereunder, including the guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the Exit Financing Documents to which it is a party, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the Exit Agent or required by the Exit Credit Agreement and any other Exit Financing Documents; and be it further

**RESOLVED**, that the Company be, and hereby is, authorized to incur the Obligations and to undertake any and all related transactions contemplated under the Exit Financing Documents including the granting of security thereunder (collectively, the "**Exit Financing Transactions**"); and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the Exit Financing Documents to secure all of the obligations and liabilities of the Company thereunder to the Exit Lenders and the Exit Agent, and to authorize, execute, verify, file and/or deliver to the Exit Agent, on behalf of the Company, all agreements, documents and instruments required by the Exit Lenders in connection with the foregoing; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Exit Financing Documents, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the Exit Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Exit Credit Agreement and/or any of the Exit Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

**VII.    Amendment No. 2 to Credit Agreement**

**RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interest of the Company to engage in and the Company will obtain benefits from the execution of Amendment No. 2 to the Credit Agreement (the "**Prepetition Amendment**") to be entered into

WEIL:\95686251\8\44444.0005

by and among Fairway Group Acquisition Company, Fairway Group Holdings Corp. each of the other Loan Parties (as defined in that certain Credit Agreement dated as of February 14, 2013, as amended by Amendment No. 1 thereto dated as of May 3, 2013, among the Fairway Group Acquisition Company, Fairway Group Holdings Corp., each lender from time to time a party thereto and the Administrative Agent (as defined therein) (as so amended, the "**Prepetition Credit Agreement**")), the Required Lenders (as defined in the Prepetition Credit Agreement) party thereto and the Administrative Agent (as defined in the Prepetition Credit Agreement); in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion and attainment of the business of the Company; and be it further

   **RESOLVED**, that the form, terms and provisions of the Prepetition Amendment and the Company's performance of its obligations thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

   **RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the Prepetition Amendment, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required; and be it further

   **RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Prepetition Amendment, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the Prepetition Amendment and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

   **RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Prepetition Amendment which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

## VIII. <u>Approval of Actions of Subsidiary</u>

   **RESOLVED**, that the Company, as the sole stockholder of the Borrower, hereby ratifies, approves, confirms and adopts all actions taken by the Borrower, Fairway Bakery, LLC, Fairway Broadway LLC, Fairway Construction Group, LLC., Fairway eCommerce LLC, Fairway Douglaston LLC, Fairway East 86th Street LLC, Fairway Group Central Services LLC, Fairway Group Plainview LLC, Fairway Paramus LLC, Fairway Pelham LLC, Fairway Pelham Wines & Spirits LLC, Fairway Red Hook LLC, Fairway Stamford LLC, Fairway Stamford Wines & Spirits LLC, Fairway Uptown LLC, Fairway Woodland Park LLC, Fairway Kips Bay LLC, Fairway Westbury LLC, Fairway Nanuet LLC, Fairway Chelsea LLC, Fairway Lake Grove LLC, Fairway Greenwich Street LLC, Fairway Hudson Yards LLC, Fairway Staten Island LLC and Fairway Georgetowne LLC in connection with the DIP Credit Agreement, the

Guarantee and Collateral Agreement (as defined in the DIP Credit Agreement) Exit Credit Agreement, (as defined in the Exit Credit Agreement) and the transactions contemplated thereby; and be it further

**RESOLVED**, that the Company, in its capacity as the sole stockholder of Borrower, be, and each of them hereby is, authorized and directed to negotiate, prepare , execute, deliver and perform all such other agreements, documents, certificates and instruments, and take all actions that the officer or officers of the Company may in his or their discretion deem necessary or appropriate in connection with the DIP Credit Agreement, the Guarantee and Collateral Agreement (as defined in the DIP Credit Agreement), the Exit Credit Agreement, the Guarantee and Collateral Agreement (as defined in the Exit Credit Agreement), any deposit account control agreements in connection therewith and the transactions contemplated thereby; and be it further

**RESOLVED**, that each of the officers of the Company be, and each of them hereby is, authorized and directed, in the name and on behalf of the Company, to negotiate, prepare, execute, deliver and perform all such other agreements, documents, certificates and instruments, and take all actions that the officer or officers may in his or their discretion deem necessary or appropriate in order to carry out the full intent and purposes of the foregoing resolutions, the negotiation, preparation, execution, delivery or performance thereby such officer or officers to be conclusive evidence of the approval thereof of the Company; and be it further

## IX.    General Authorization and Ratification

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of the Authorized Officer shall be or become necessary, proper, or desirable in connection with the Chapter 11 Case; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer or the directors of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

# FAIRWAY GROUP HOLDINGS CORP.
## CERTIFICATE OF RESOLUTIONS

### May 2, 2016

The undersigned, Dennis Stogsdill, an Authorized Officer of each of the following (each a "**Company**" and, collectively, the "**Companies**"):

    A. Fairway Group Holdings Corp. and Fairway Group Acquisition Company, each a Delaware corporation;

    B. Fairway Bakery LLC; Fairway Broadway LLC; Fairway Chelsea LLC; Fairway Douglaston LLC; Fairway East 86th Street LLC; Fairway Ecommerce LLC; Fairway Greenwich Street LLC; Fairway Group Central Services LLC; Fairway Group Plainview LLC; Fairway Hudson Yards LLC; Fairway Kips Bay LLC; Fairway Lake Grove LLC; Fairway Nanuet LLC; Fairway Paramus LLC; Fairway Pelham LLC; Fairway Pelham Wines & Spirits LLC; Fairway Red Hook LLC; Fairway Stamford LLC; Fairway Stamford Wines & Spirits LLC; Fairway Staten Island LLC; Fairway Uptown LLC; Fairway Westbury LLC; Fairway Woodland Park LLC; and Fairway Georgetowne LLC, each a Delaware limited liability company; and

    C. Fairway Construction Group LLC, a New York limited liability company.

hereby certifies as follows:

    A. I am a duly qualified and elected officer of each of the Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies;

    B. Attached hereto is a true, complete and correct copy of the Resolutions adopted by the Board of Directors, the Managing Member, or the Board of Managers (as applicable), duly adopted in accordance with each Company's bylaws; and

    C. Such resolutions have not been amended, altered, annulled, rescinded or revoked and are in full force and effect as of the date hereof. There exist no other subsequent resolutions relating to the matters set forth in the resolutions attached hereto.

### [Signature Page Follows]

**IN WITNESS WHEREOF**, the undersigned has executed this certificate as of the date first written above.

/s/ Dennis Stogsdill
Dennis Stogsdill
Chief Restructuring Officer

| Fill in this information to identify the case: |
| --- |
| Debtor name  Fairway Group Holdings Corp. |
| United States Bankruptcy Court for the: Southern  District of   New York |
|                                                                                      (State) |
| Case number (if known): _____ |

☐ Check if this an
amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 40 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 40 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1  United Natural Foods, Inc. | Attn: Joseph Traficanti, Esq., 313 Iron Horse Way Providence, Rhode Island 02908 Phone: 401-528-8634x32301 Email: Jtraficanti@Unfi.Com | Trade Debt | | $1,611,119.65 | $172,552.90 | $1,438,566.75 |
| 2  Douglaston Shopping Center Owner, LLC | Attn: Tamika Jenkins 150 East 58th Street, Penthouse New York, NY 10155 Phone: 646-214-0254 Email: ____ | Common Area Maintenance | Disputed | $928,208.00 | $208,333.33 | $719,874.67 |
| 3  Kehe Distributors Holdings, LLC | Attn: Ron Oradat 12740 Gran Bay Parkway West Suite 2200 Jacksonville, FL 32258 Phone: 800-229-0235 Email: Ron.Oradat@Kehe.Com | Trade Debt | | $618,585.81 | $91,100.00 | $527,485.81 |
| 4  Bunzl New Jersey | Attn: Fred Rasmussen 27 Distribution Way Monmouth Junction Monmouth Dayton, NJ 08810 Phone: 732-821-7000 Email: Fred.Rasmussen@Bunzlusa.Com | Trade Debt | | | | $496,439.10 |
| 5  Con Edison | Attn: General Counsel 4 Irving Place New York, NY 10003 Phone: 212-780-6766 Email: ____ | Utility | | $654,031.81 | $265,347.36 | $388,684.45 |
| 6  J & J Farms Creamery Co, Inc. | Attn: Simon Friedman 5748 49th St Maspeth, NY 11378 Phone: 718-821-1200 Email: ____ | Trade Debt | | | | $354,336.39 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| 7    US Foodservice | Attn: Jeffrey Hatcher 1051 Amboy Avenue Perth Amboy, NJ 8861 Phone: 732-934-3318 Email: Jeffrey.Hatcher@Usfoods.Com | Trade Debt | | | | $336,774.44 |
| 8    Direct Energy Marketing Inc. | Attn: Customer Service Manager 1001 Liberty Avenue, Suite 1200 Pittsburgh, PA 15222 Phone: 888 925 9115 Email: Customerrelations@Directenergy.Com | Utility | | | | $331,205.60 |
| 9    Revionics, Inc. | Attn: Marc Hafner 2998 Douglas Blvd. Suite 350 Roseville, CA 95661 Phone: 916-677-5460 Email: Marc.Hafner@Revionics.Com | Trade Debt | | | | $325,000.00 |
| 10    Retalix USA | Attn: Gary Lowen 6100 Tennyson Parkway, Ste 150 Plano, TX  75024 Phone: 732 207 2160 Email: Gary.Lowen@Ncr.Com | Trade Debt | | | | $308,887.50 |
| 11    Real Coffee Roasters LLC | Attn: Mitchel Margulis, Owner 129 9th Street Brooklyn, NY 11215 Phone: 347-335-0751 Email: Info@Stonestreetcoffee.Com | Trade Debt | | | | $239,087.97 |
| 12    Blue Ribbon Fish Co., Inc. | Attn: David Samuels, Owner 800 Food Center Drive Unit 67 Bronx, NY 10474 Phone: 718-620-8580 Email: Blueribbonfish@Verizon.Net | Trade Debt | | | | $214,255.57 |
| 13    Red Hook Green Power, LLC | Attn: General Counsel 175 Van Dyke St. Suite 322a Brooklyn, NY 11231 Phone: ____ Email: ____ | Utility | | | | $198,658.81 |
| 14    Century Link | Attn: Michael Boyd Weinstock & O'malley 105 White Oak Lane Old Bridge, N.J. 08857 1-800-682-9003 Ext. 548 Email: ____ | Trade Debt | Disputed | | | $169,960.62 |
| 15    Valesco Trading | Attn: Al Sozer 267 Ridge Road Lyndhurst, NJ 7071 Phone: 201 729 1414 Email: Aos@Valescotrading.Com | Trade Debt | | $134,194.00 | $4,000.00 | $130,194.00 |
| 16    Manetto Hills Associates 116 Inc. | Attn: General Counsel 50 Manetto Hill Road Plainview, Ny 11803 Phone: 516 869 9000 Email: ____ | Real Estate Taxes | | | | $123,013.71 |
| 17    Setton International Foods | Attn: Joshua Setton 85 Austin Blvd Commack, NY 11725 Phone: 631-543-8090 Email: ____ | Trade Debt | | $123,565.57 | $4,000.00 | $119,565.57 |
| 18    Southern Wine & Spirits Of New York Inc. | Attn: Julie A. Siechen 3063 Court St. Syracuse, NY 13208 Phone: 315 428 2100 Email: ____ | Trade Debt | | | | $104,615.47 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| 19 Gourmet Guru | Attn: Jeff Lichtenstein<br>1123 Worthen Street<br>Bronx, NY 10474<br>Phone: 718-842-2828<br>Email: Jeff.lichtenstein@Gourmetgurunyc.com | Trade Debt | | $124,940.07 | $22,330.17 | $102,609.90 |
| 20 Exotic Gourmet Corp. | Attn: Thomas Lipari Sr.<br>57-50 Flushing Ave<br>Maspeth, NY 11378<br>Phone: 718-894-0980<br>Email: Info@Exoticgourmetsnacks.Com | Trade Debt | | $124,223.66 | $22,109.70 | $102,113.96 |
| 21 Union Beer Distributors | Attn: Christopher Sheehan<br>1213 Grand St<br>Brooklyn, NY 11211<br>Phone: 718-497-2407<br>Email: ____ | Trade Debt | | | | $100,361.70 |
| 22 E & M Ice Cream Corp. | Attn: General Counsel<br>701 Zerega Ave<br>Bronx, NY 10473<br>Phone: 718-824-8130<br>Email: ____ | Trade Debt | | | | $100,003.19 |
| 23 Olis De Cataluyna | Attn: President<br>C/Joan Oliver<br>16-24 43206 Reus<br>Spain<br>Phone: 34 977 330 021 | Trade Debt | | | | $95,731.20 |
| 24 Dora's Natural, Inc. | Attn: Cyrus Schwartz<br>21 Empire Boulevard<br>South Hackensack, NJ 07606<br>Phone: 201-229-0500<br>Email: ____ | Trade Debt | | $137,856.01 | $45,756.42 | $92,099.59 |
| 25 Daniello Carting Company | Attn: General Counsel<br>627 Whittier St<br>Bronx, NY 10474<br>Phone: 718-991-8143<br>Email: ____ | Trade Debt | | | | $91,328.26 |
| 26 Nassau Candy | Attn: Les Stier<br>530 West John St<br>Hicksville, NY 11801<br>Phone: 516-342-1495<br>Email: Les.Stier@Nassaucandy.Com | Trade Debt | | $113,050.17 | $26,394.77 | $86,655.40 |
| 27 Eli's Bread Corp. | Attn: Eli Zabar, President<br>403 East 91st Street<br>New York, NY 10087-9093<br>Phone: 212-426-8868<br>Email: Ezabar@Elizabar.Com | Trade Debt | | $92,113.24 | $5,500.00 | $86,613.24 |
| 28 Clark Printing | Attn: General Counsel<br>441 Market Street<br>Saddle Brook, NJ 07663<br>Email: Cecelia@Clarkprintinginc.Com<br>Phone: 201 845 4888<br>Email: ____ | Trade Debt | | | | $83,874.00 |
| 29 Brescome Barton Inc. | Attn: General Counsel<br>69 Defco Park Road<br>North Haven, CT 06473<br>Phone: 203-239-4901<br>Email: ____ | Trade Debt | | | | $83,577.81 |
| 30 Maplebear Inc. | Attn: General Counsel<br>420 Bryant Street<br>San Francisco, CA 94107<br>Phone: 910 817 2278<br>Email: ____ | Trade Debt | | | | $83,498.91 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim |  | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|---|---|---|---|
| 31 First International Health Foods | Attn: Jeffrey Smith 7 Hoover Ave Haverstraw, NY 10927-1068 Phone: 845-429-9080 Email: ____ | Trade Debt | | $77,644.42 | $1,500.00 | $76,144.42 |
| 32 Pandora Media Inc. | Attn: General Counsel 2101 Webster St. Ste#1650 Oakland, CA 94612 Phone: 510-451-4100 Email: Ar@Pandora.Com | Trade Debt | | | | $75,061.00 |
| 33 CMI Services Corp | Attn: General Counsel 240 Cross Bay Blvd Broad Channel, NY 11693 Phone: 718 945 6262 Email: ____ | Trade Debt | | | | $71,121.99 |
| 34 Cream-O-Land Dairies LLC | Attn: Jay Schneier, President 529 Cedar Lane Florence, NJ 8518 Phone: 609-499-3601 Email: Jschneier@Creamoland.Com | Trade Debt | | $69,632.79 | $2,000.00 | $67,632.79 |
| 35 A. Fodera & Son, Inc. | Attn: General Counsel 12902 Northern Boulevard # 1 Flushing, NY 11368 Phone: 718-478-8000 Email: ____ | Trade Debt | | | | $65,184.88 |
| 36 Coca Cola Bottling Company | Attn: General Counsel 4600 East Lake Boulevard Birmingham, AL 35217 Phone: 205-841-2653 Email: ____ | Trade Debt | | | | $64,401.06 |
| 37 World's Best Cheeses | Attn: General Counsel 111 Business Park Dr Armonk, NY, 10504-1708 Phone: 914 273 1400 Ext. 116 Email: ____ | Trade Debt | | $79,376.46 | $16,405.08 | $62,971.38 |
| 38 Stcr Business Systems, Inc. | Attn: General Counsel 10 Prospect St Endwell, NY 13760 Phone: 607-757-0181 Email: Mckenziet@Stcr.Com | Trade Debt | | | | $57,822.23 |
| 39 Manhattan Beer Dist., Inc. | Attn: General Counsel 955 East 149th Street Bronx, NY 10455 Phone: 718 292 9300 Email: ____ | Trade Debt | | $58,808.07 | $1,250.00 | $57,558.07 |
| 40 Cyrusone LLC | Attn: General Counsel 1649 W Frankford Rd Carrollton, TX 75007 Phone: 214 488 1365 Email: ____ | Trade Debt | | | | $57,552.48 |

**Fill in this information to identify the case and this filing:**

Debtor Name  <u>Fairway Group Holdings Corp.</u>

United States Bankruptcy Court for the: <u>Southern</u>  District of <u>New York</u>
(State)

Case number (If known): _____

Official Form 202

**Declaration Under Penalty of Perjury for Non-Individual Debtors**                    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**  Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ *Amended Schedule* ____

☑ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ *Other document that requires a declaration* _____

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on <u>May 2, 2016</u><br>MM / DD / YYYY | <u>/s/ Edward C. Arditte</u><br>Signature of individual signing on behalf of debtor<br><u>Edward C. Arditte</u><br>Printed name<br><u>Co-President and Chief Financial Officer</u><br>Position or relationship to debtor |
|---|---|