WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Matthew S. Barr
Sunny Singh

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :
                                                            :    **Chapter 11**
**FAIRWAY GROUP HOLDINGS**                                  :
**CORP.**, *et al.*,                                        :    Case No. 16-[_____] (___)
                                                            :
            Debtors.[1]                                     :    (Joint Administration Pending)
------------------------------------------------------------x

**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a) AND 521(a),
FED. R. BANKR. P. 1007(a) AND (c), 2002(f), AND (l), AND 9006(b), AND LOCAL
RULE 1007-1 FOR ENTRY OF ORDER (I) EXTENDING TIME TO FILE SCHEDULES
OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS,
(II) WAIVING THE SAME UPON CONFIRMATION OF DEBTORS' PREPACKAGED
PLAN, (III) WAIVING REQUIREMENT TO FILE LIST OF EQUITY HOLDERS,
AND (IV) WAIVING REQUIREMENT TO FILE LIST OF CREDITORS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Fairway Group Holdings Corp. and its debtor affiliates, as debtors and debtors in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Fairway Group Holdings Corp. (2788); Fairway Group Acquisition Company (2860); Fairway Bakery LLC (4129); Fairway Broadway LLC (8591); Fairway Chelsea LLC (0288); Fairway Construction Group, LLC (2741); Fairway Douglaston LLC (2650); Fairway East 86th Street LLC (3822); Fairway eCommerce LLC (3081); Fairway Georgetowne LLC (9609); Fairway Greenwich Street LLC (6422); Fairway Group Central Services LLC (7843); Fairway Group Plainview LLC (8643); Fairway Hudson Yards LLC (9331); Fairway Kips Bay LLC (0791); Fairway Nanuet LLC (9240); Fairway Paramus LLC (3338); Fairway Pelham LLC (3119); Fairway Pelham Wines & Spirits LLC (3141); Fairway Red Hook LLC (8813); Fairway Stamford LLC (0738); Fairway Stamford Wines & Spirits LLC (3021); Fairway Staten Island LLC (1732); Fairway Uptown LLC (8719); Fairway Westbury LLC (6240); and Fairway Woodland Park LLC (9544). The location of the Debtors' corporate headquarters is 2284 12th Avenue, New York, New York 10027.

possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-debtor affiliate,[2] "**Fairway**"), respectfully represent:

## Background

1. On the date hereof (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3. Prior to the Commencement Date, the Debtors commenced the solicitation of votes by the Senior Secured Lenders (as defined in the Prepackaged Plan)—the only class of voting creditors—on the Joint Prepackaged Chapter 11 Plan of Reorganization of Fairway Group Holdings Corp. and Its Affiliated Debtors (the "**Prepackaged Plan**"), through their Disclosure Statement for Joint Prepackaged Chapter 11 Plan of Reorganization of Fairway Group Holdings Corp. and Its Affiliated Debtors pursuant to sections 1125 and 1126(b) of the Bankruptcy Code ("**Disclosure Statement**"). The solicitation period for the Prepackaged Plan will remain open for another ten (10) days until May 12, 2016.

4. The Prepackaged Plan provides for a reorganization transaction pursuant to which new equity and new debt of the reorganized Debtors will be issued to the Senior

---

[2] Fairway Lake Grove LLC is not a Debtor in these proceedings.

2

Secured Lenders on the terms and conditions set forth in the Prepackaged Plan, with all General Unsecured Claims (as defined in the Prepackaged Plan) to be unimpaired. The Debtors have requested a joint hearing for approval of the Prepackaged Plan and Disclosure Statement to be held within thirty-five (35) days of the Commencement Date.

5. On May 2, 2016, the Debtors executed a restructuring support agreement (the "**RSA**") with Senior Secured Lenders, including the members of the Steering Committee (the "**Consenting Creditors**"), pursuant to which such Consenting Creditors agreed to vote in favor of and support confirmation of the Prepackaged Plan. Prior to the commencement of these cases, Consenting Creditors holding more than 70% in amount of Secured Loan Claims (as defined in the Prepackaged Plan) already have submitted their votes to accept the Prepackaged Plan.[3]

6. Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Declaration of Dennis Stogsdill Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, sworn to on the date hereof (the "**Stogsdill Declaration**"),[4] which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

## Jurisdiction

7. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[3] Fairway believes that these holders constitute more than 50% of the number of holders of all Secured Loan Claims.

[4] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Stogsdill Declaration.

**Relief Requested**

8.    By this Motion, pursuant to sections 105(a) and 521 of the Bankruptcy Code and Bankruptcy Rules 1007(a) and (c), 2002(f), and (l), and 9006(b), and Rule 1007-1 of the Local Rules of Bankruptcy Procedure for the Southern District of New York (the "**Local Rules**"), the Debtors request entry of an order (i) extending the fourteen (14) day period to file their schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules and Statements**") by forty-six (46) days, to allow the Debtors a total of sixty (60) days after the Commencement Date (the "**Deadline**") to file their Schedules and Statements without prejudice to the Debtors' right to request additional time should it become necessary; (ii) waiving the requirement to file the Schedules and Statements if the Debtors' Prepackaged Plan is confirmed on or before the Deadline as the same may be extended; (iii) waiving the requirement to file a list of equity security holders (the "**Equity Holders**"); and (iv) waiving the requirement to file a list of creditors. A proposed form of order granting the relief requested in this Motion is attached hereto as **Exhibit "A"** (the "**Proposed Order**").

**The Relief Requested Should Be Granted**

**A.    An Extension of the Deadline to File the Schedules and Statements Is Warranted**

9.    The Court may grant the relief requested herein pursuant to Bankruptcy Rule 1007(c), which provides that "[a]ny extension of time to file schedules [and] statements . . . may be granted only on motion for cause shown and on notice to the United States Trustee, any committee . . . , trustee, examiner, or other party as the court may direct." FED. R. BANKR. P. 1007(c). The Debtors submit that the vast amount of information that must be assembled and compiled and the number of hours required to complete the Schedules and Statements constitute good and sufficient cause for granting the requested extension of time.

10. Section 105(a) of the Bankruptcy Code also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). The Debtors respectfully submit that granting the requested extension is appropriate under the circumstances of these chapter 11 cases and is within the Court's equitable powers under section 105 of the Bankruptcy Code.

11. On the Commencement Date, the Debtors filed with the Court a consolidated list of creditors holding the five (5) largest secured claims against the Debtors' estates and a consolidated list of creditors holding the forty (40) largest unsecured claims against the Debtors' estates. However, given the size and complexity of the Debtors' operations, the Debtors anticipate that they will be unable to complete their Schedules and Statements in the mere fourteen (14) days provided under Bankruptcy Rule 1007(c). The Debtors hold an aggregate of approximately $230 million in assets and approximately $387 million in liabilities as indicated in their most recent consolidated balance sheet. The Debtors estimate that they have more than 1,000 creditors on a consolidated basis.

12. To prepare the Schedules and Statements, the Debtors must compile information from books, records, and other documents relating to, among other things, accounts payable and receivable, real estate and capital leases, employee wages and benefits, intercompany transactions, and vendor and supplier agreements. Collecting the necessary information to prepare the Schedules and Statements requires an enormous expenditure of time and effort on the part of the Debtors, their employees, and their professionals.

13. Extending the time for the Debtors to file their Schedules and Statements through and including the Deadline is appropriate in light of the circumstances of these chapter 11 cases. The purpose of filing Schedules and Statements is to provide sufficient information to

5

creditors regarding a debtor's assets and liabilities. In the Debtors' cases, the benefits of filing the Schedules and Statements are far outweighed by their costs. Compiling the Schedules and Statements would be time consuming, distracting to the Debtors' management team and professionals, and unnecessarily costly. Ultimately, if the Prepackaged Plan is confirmed, the Schedules and Statements will not be necessary. No party in interest would be prejudiced by the Court's granting the Debtors' request for an extension of time to file the Schedules and Statements because the Debtors already have filed the Prepackaged Plan, which proposes to allow all General Unsecured Claims to ride through these bankruptcy cases unimpaired. Accordingly, the Debtors request that the Court extend the fourteen-day period for an additional forty-six (46) days, to allow the Debtors a total of sixty (60) days following the Commencement Date to file their Schedules and Statements, without prejudice to the Debtors' right to request additional time should it become necessary.

**B.     A Waiver of the Requirement to File the Schedules and Statements Is Warranted**

14.    It is appropriate for the Court to waive the requirement to file the Schedules and Statements if the Prepackaged Plan is confirmed. As stated above, the Debtors require an extension of time to prepare and file their Schedules and Statements. Indeed, the Debtors expect that they would be in a position to file their Schedules and Statements at approximately the same time that they expect to emerge from bankruptcy. Further, no party in interest would be prejudiced if the requirement to file the Schedules and Statements were waived, as the Debtors have proposed a Prepackaged Plan pursuant to which all General Unsecured Claims are unimpaired. Accordingly, the primary justification for requiring the Debtors to file the Schedules and Statements—to allow interested parties to assess the Debtors' assets and liabilities and thereafter negotiate and confirm a plan of reorganization—does not

exist in these chapter 11 cases. If the requirement to file the Schedules and Statements is not waived, the cost of their filing will deplete the Debtors' estates of funds that otherwise would be available to fund obligations under the Prepackaged Plan.

15.  This Court has authority under Bankruptcy Code sections 105(a) and 521(a) to grant the Debtors' requested waiver. *See* 11 U.S.C. §§ 105(a) and 521(a). Accordingly, the Debtors respectfully submit that the Court should waive the requirement to file their Schedule and Statements upon confirmation of the Debtors' Prepackaged Plan on or before the Deadline.

C.  **Waivers of the Requirements to File a List of Equity Holders**

16.  Fairway Group Holdings, Corp. is a public company and, as of the Commencement Date, has approximately 30 million outstanding shares of common stock. Accordingly, the Debtors submit that preparing a list of Equity Holders with last-known mailing addresses would be an extremely time consuming and expensive undertaking. Further, as discussed in greater detail in the *Motion of Debtors to Request (a) Scheduling Combined Hearing to Consider Adequacy of Disclosure Statement and Confirmation of Prepackaged Plan; (b) Establishing procedures for Objecting to Disclosure Statement and Prepackaged Plan; (c) Approving Form, Manner, and Sufficiency of Notice of Combined Hearing, Commencement of Chapter 11 Cases, and Deferral of Meeting of Creditors and Equity Holders; (d) Directing that Section 341(a) Meeting is Deferred until Confirmation of Prepackaged Plan; and (e) Granting related relief*, the Debtors propose to serve a combined notice, including notice of commencement ("**Notice of Commencement**") on all Equity Holders and to publish the Notice of Commencement in the *The New York Times* (national edition), on their website, and on a website established by their proposed claims and noticing agent. Additionally, the Debtors will

file with the Securities and Exchange Commission a Form 8-K regarding the commencement of these chapter 11 cases, with such 8-K being publicly available. The Debtors believe these procedures will provide sufficient notice to Equity Holders.

17. In light of the foregoing, the Debtors respectfully submit that ample cause exists for the Court to waive the requirement under Bankruptcy Rule 1007(a)(3) to file a list of Equity Holders  Section 105(a) also empowers the Court to grant waivers of this requirement. *See* 11 U.S.C. § 105(a).

**D.     Waiver of the Requirement to File a List of Creditors Is Warranted**

18. Pursuant to section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Rule 1007-1, unless a debtor's Schedules and Statements are filed simultaneously with a chapter 11 petition, a debtor must file a list of creditors with the petition. Contemporaneously herewith, the Debtors have filed a motion to retain and employ a claims and noticing agent (the "**Claims and Noticing Agent**") in these chapter 11 cases. Pursuant to 28 U.S.C. § 156(c), the Court is empowered to use outside facilities or services pertaining to the provision of notices and other administrative information to parties in interest, provided that the costs for such facilities or services are paid from the assets of the debtor's estate. Local Rule 5075-1(b) also requires the retention of an approved claims and noticing agent in cases involving 250 or more creditors and/or equity security holders.

19. Pursuant to section 342(a) of the Bankruptcy Code, Bankruptcy Rule 2002(f), as soon as practicable after the Commencement Date, the Debtors will furnish their consolidated list of creditors to the Claims and Noticing Agent so that the Claims and Noticing Agent may mail the Notice of Commencement to each person and entity identified on the

Debtors' consolidated list of creditors. Accordingly, the Debtors submit that the requirement to file a list of creditors is unnecessary and, therefore, should be waived.

### Notice

20. Notice of this Motion has been provided to (i) the Office of the U.S. Trustee for Region 2; (ii) the holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated basis); (iii) King & Spalding LLP, 1185 Avenue of the Americas, New York, New York 10036 (Attn: Michael Rupe, Esq. and Christopher G. Boies, Esq.) and 1180 Peachtree Street, Atlanta, Georgia 30309 (Attn: W. Austin Jowers, Esq.), the attorneys for Credit Suisse AG, Cayman Islands Branch, as (a) administrative agent and collateral agent under that certain Credit Agreement, dated as of February 14, 2013 and amended as of May 3, 2013, and (b) agent under the Debtors' proposed postpetition debtor-in-possession financing facility; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; and (vi) the United States Attorney's Office for the Southern District of New York. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

21. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: May 2, 2016
    New York, New York

           /s/ Matthew S. Barr
           WEIL, GOTSHAL & MANGES LLP
           767 Fifth Avenue
           New York, New York  10153
           Telephone:  (212) 310-8000
           Facsimile:  (212) 310-8007
           Ray C. Schrock, P.C.
           Matthew S. Barr
           Sunny Singh

           *Proposed Attorneys for Debtors*
           *and Debtors in Possession*

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
In re                                               :
                                                    :    Chapter 11
FAIRWAY GROUP HOLDINGS                              :
CORP., *et al.*,                                    :    Case No. 16-[_____] (___)
                                                    :
        Debtors.[1]                                 :    (Joint Administration Pending)
----------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 521(a), FED. R. BANKR. P. 1007(a) AND (c), 2002(f), AND (l), AND 9006(b), AND LOCAL RULE 1007-1 (I) EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS, (II) WAIVING THE SAME UPON CONFIRMATION OF DEBTORS' PREPACKAGED PLAN, (III) WAIVING REQUIREMENT TO FILE LIST OF EQUITY HOLDERS; AND (IV) WAIVING REQUIREMENT TO FILE LIST OF CREDITORS

Upon the motion (the "**Motion**")[2] of Fairway Group Holdings Corp. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), and 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1007(a) and (c), 2002(f), and (l), and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order (i) extending the fourteen (14) day period to file their schedules of assets and liabilities

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Fairway Group Holdings Corp. (2788); Fairway Group Acquisition Company (2860); Fairway Bakery LLC (4129); Fairway Broadway LLC (8591); Fairway Chelsea LLC (0288); Fairway Construction Group, LLC (2741); Fairway Douglaston LLC (2650); Fairway East 86th Street LLC (3822); Fairway eCommerce LLC (3081); Fairway Georgetowne LLC (9609); Fairway Greenwich Street LLC (6422); Fairway Group Central Services LLC (7843); Fairway Group Plainview LLC (8643); Fairway Hudson Yards LLC (9331); Fairway Kips Bay LLC (0791); Fairway Nanuet LLC (9240); Fairway Paramus LLC (3338); Fairway Pelham LLC (3119); Fairway Pelham Wines & Spirits LLC (3141); Fairway Red Hook LLC (8813); Fairway Stamford LLC (0738); Fairway Stamford Wines & Spirits LLC (3021); Fairway Staten Island LLC (1732); Fairway Uptown LLC (8719); Fairway Westbury LLC (6240); and Fairway Woodland Park LLC (9544). The location of the Debtors' corporate headquarters is 2284 12th Avenue, New York, New York 10027.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

and statements of financial affairs (collectively, the "**Schedules and Statements**") by forty-six (46) days, to allow the Debtors a total of sixty (60) days after the Commencement Date to file their Schedules and Statements (the "**Deadline**"); (ii) waiving the requirement to file the Schedules and Statements if the Debtors' Prepackaged Plan is confirmed on or before the Deadline, without prejudice to the Debtors' right to request additional time should it become necessary; (iii) waiving the requirement to file a list of equity security holders (the "**Equity Holders**"); and (iv) waiving the requirement to file a list of creditors, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Declaration of Dennis Stogsdill Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, filed contemporaneously with the Motion, the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted to the extent set forth herein; and it is further

ORDERED that, pursuant to sections 105(a) and 521(a) of the Bankruptcy Code, Bankruptcy Rules 1007(c) and 9006(b), and Local Rule 1007-1, the time by which the Debtors shall file their Schedules and Statements is extended through, and including, July 1, 2016 (the "**Deadline**"); and it is further

ORDERED that the requirement under section 521(a)(1) of the Bankruptcy Code and Bankruptcy Rule 1007(c) to file Schedules and Statements shall be permanently waived upon confirmation of the Debtors' Prepackaged Plan; provided that, such confirmation occurs on or before the Deadline; and it is further

ORDERED that entry of this Order shall be without prejudice to the Debtors' right to seek additional time to file their Schedules and Statements or to seek other relief from the Court regarding the filing of or waiver of the requirement to file the Schedules and Statements upon sufficient showing of cause therefor; and it is further

ORDERED that the requirement under Bankruptcy Rule 1007(a)(3) to file a list of Equity Holders is waived; and it is further

ORDERED that the requirements under section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Rule 1007-1 to file a list of creditors with the Court are waived; and it is further

ORDERED that, as soon as practicable after entry of an order authorizing the engagement of a claims and noticing agent (a "**Claims and Noticing Agent**") in these chapter 11 cases, the Debtors shall furnish to the Claims and Noticing Agent a consolidated list containing

3

the names and last known addresses of the Debtors' creditors (the "**List of Creditors**"); and it is further

ORDERED that the manner of notice as provided herein are reasonably calculated to inform interested parties of these chapter 11 cases and are hereby approved; and it is further

ORDERED that the Debtors are authorized to take all action necessary to carry out this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2016
      New York, New York

      _____
      UNITED STATES BANKRUPTCY JUDGE

WEIL:\95682793\10\44444.0005