WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Matthew S. Barr
Sunny Singh

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| **FAIRWAY GROUP HOLDINGS** | : | |
| **CORP.**, *et al.*, | : | **Case No. 16-[_____] (___)** |
| | : | |
| **Debtors.**[1] | : | **(Joint Administration Pending)** |

-------------------------------------------------------------x

**MOTION OF DEBTORS TO (A) SCHEDULE
COMBINED HEARING ON ADEQUACY OF DISCLOSURE
STATEMENT AND CONFIRMATION OF PREPACKAGED PLAN,
(B) ESTABLISH PROCEDURES FOR OBJECTING TO DISCLOSURE
STATEMENT AND PREPACKAGED PLAN; (C) APPROVE FORM,
MANNER, AND SUFFICIENCY OF NOTICE OF COMBINED HEARING,
COMMENCEMENT OF CHAPTER 11 CASES, AND DEFERRAL OF MEETING OF
CREDITORS; (D) DIRECT THAT SECTION 341(a) MEETING IS DEFERRED UNTIL
<u>CONFIRMATION OF PREPACKAGED PLAN AND (E) GRANT RELATED RELIEF</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  Fairway Group Holdings Corp. (2788); Fairway Group Acquisition Company (2860); Fairway Bakery LLC (4129); Fairway Broadway LLC (8591); Fairway Chelsea LLC (0288); Fairway Construction Group, LLC (2741); Fairway Douglaston LLC (2650); Fairway East 86th Street LLC (3822); Fairway eCommerce LLC (3081); Fairway Georgetowne LLC (9609); Fairway Greenwich Street LLC (6422); Fairway Group Central Services LLC (7843); Fairway Group Plainview LLC (8643); Fairway Hudson Yards LLC (9331); Fairway Kips Bay LLC (0791); Fairway Nanuet LLC (9240); Fairway Paramus LLC (3338); Fairway Pelham LLC (3119); Fairway Pelham Wines & Spirits LLC (3141); Fairway Red Hook LLC (8813); Fairway Stamford LLC (0738); Fairway Stamford Wines & Spirits LLC (3021); Fairway Staten Island LLC (1732); Fairway Uptown LLC (8719); Fairway Westbury LLC (6240); and Fairway Woodland Park LLC (9544).  The location of the Debtors' corporate headquarters is 2284 12th Avenue, New York, New York 10027.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Fairway Group Holdings Corp. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-debtor affiliate,[2] "**Fairway**"), respectfully represent:

## Background

1.      On the date hereof (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2.      Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.      Prior to the Commencement Date, the Debtors commenced the solicitation of votes by the Senior Secured Lenders (as defined in the Prepackaged Plan)—the only class of voting creditors—on the Joint Prepackaged Chapter 11 Plan of Reorganization of Fairway Group Holdings Corp. and Its Affiliated Debtors (the "**Prepackaged Plan**"), through their Disclosure Statement for Joint Prepackaged Chapter 11 Plan of Reorganization of Fairway Group Holdings Corp. and Its Affiliated Debtors pursuant to sections 1125 and 1126(b) of the Bankruptcy Code ("**Disclosure Statement**").  The solicitation period for the Prepackaged Plan will remain open for another ten (10) days until May 12, 2016.

---

[2] Affiliate Fairway Lake Grove LLC is not a Debtor in these proceedings.

4.      The Prepackaged Plan provides for a reorganization transaction pursuant to which new equity and new debt of the reorganized Debtors will be issued to the Senior Secured Lenders on the terms and conditions set forth in the Prepackaged Plan, with all General Unsecured Claims (as defined in the Prepackaged Plan) to be unimpaired.  The Debtors have requested a joint hearing for approval of the Prepackaged Plan and Disclosure Statement to be held within thirty-five (35) days of the Commencement Date.

5.      On May 2, 2016, the Debtors executed a restructuring support agreement (the "**RSA**") with Senior Secured Lenders, including the members of the Steering Committee (the "**Consenting Creditors**"), pursuant to which such Consenting Creditors agreed to vote in favor of and support confirmation of the Prepackaged Plan.[3]  Prior to the commencement of these cases, Consenting Creditors holding more than 70% in amount of Secured Loan Claims already have submitted their votes to accept the Prepackaged Plan.

6.      Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Declaration of Dennis Stogsdill Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, sworn to on the date hereof (the "**Stogsdill Declaration**"),[4] which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

---

[3] Fairway believes that these holders constitute more than 50% of the number of holders of all Senior Secured Claims.

[4] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Stogsdill Declaration.

## Jurisdiction

7.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C.  §§ 1408 and 1409.

## Relief Requested

8.      These chapter 11 cases are "prepackaged Chapter 11 case(s)" within the

scope and definition set forth in Part II of the Amended Procedural Guidelines for Prepackaged

Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of New York,

as amended, effective December 1, 2009 (as adopted by General Order M-454) (the

"**Guidelines**"),[5] as the Debtors, contemporaneously with the filing of their chapter 11 petitions,

filed, among other documents, the Prepackaged Plan and Disclosure Statement (both, as defined

herein).   On May 2, 2016, the Debtors commenced their solicitation of votes to accept the

Prepackaged Plan.  The Debtors have established May 12, 2016 as the deadline for receipt of

votes to accept or reject the Prepackaged Plan. [6]

9.      By this Motion, pursuant to sections 105, 107(b), 365, 1125, 1126, 1128,

and 1129 of the Bankruptcy Code, Rules 2002, 3003(c), 3017, 3018, 3020, 9006, and 9018 of the

Bankruptcy Rules, Rules 3017-1, 3018-1 and 3018-2 of the Local Bankruptcy Rules for the

---

[5]  Part II of Guidelines provides that "a 'prepackaged Chapter 11 case' is one in which the Debtor, substantially contemporaneously with the filing of its Chapter 11 petition, files a Confirmation Hearing Scheduling Motion for Prepackaged Plan in substantially the form annexed [to the Guidelines] as Exhibit A and satisfying the criteria set forth in Part III.A. below ("**Prepack Scheduling Motion**"), Prepackaged Plan, disclosure statement (or other solicitation document), and voting certification."

[6]  Consistent with the Part III.C of the Guidelines, if a debtor commences a chapter 11 case after solicitation has commenced but before the expiration of the voting deadline, "the Debtor and other parties in interest shall be permitted to accept but not solicit ballots until the Voting Deadline; and after notice and a hearing the Court shall determine the effect of any and all such votes."

Southern District of New York (the "**Local Rules**"), and the Guidelines, the Debtors request entry of an order:

(a)    scheduling a combined hearing (the "**Combined Hearing**") to consider:

    (i)    the adequacy of the Disclosure Statement for the Prepackaged Plan;

    (ii)   adequacy of the solicitation procedures utilized in connection with the solicitation of votes to accept or reject the Prepackaged Plan (collectively, the "**Solicitation Procedures**"); and

    (iii)  confirmation of the Prepackaged Plan;

(b)    establishing procedures for objecting to the Disclosure Statement, Solicitation Procedures, and the Prepackaged Plan;

(c)    approving the form, manner, and sufficiency of notice of the Combined Hearing, commencement of these Chapter 11 Cases, and the deferral of the meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "**Section 341(a) Meeting**") until confirmation of the Prepackaged Plan;

(d)    directing that the Section 341(a) Meeting is deferred until confirmation of the Prepackaged Plan and need not be convened unless the Prepackaged Plan is not confirmed by sixty (60) days after the Commencement Date or such later date as may be determined by the Court; and

(e)    granting related relief.

10.    A Proposed Order approving the relief requested in this Motion is annexed hereto as **Exhibit "A."**

11.     The following table provides certain dates and proposed dates related to specific relief requested in the Motion (subject to the Bankruptcy Court's calendar):

| | |
|---|---|
| **Voting Record Date** | April 29, 2016 |
| **Distribution of Solicitation Package** | May 2, 2016 |
| **Commencement Date** | May 2, 2016 |
| **Distribution of Combined Notice** | May 4, 2016 |
| **Plan Supplement Deadline** | May 10, 2016 |
| **Voting Deadline** | May 12, 2016 |
| **Objection Deadline** | May 24, 2016 |
| **Reply Deadline** | May 31, 2016 |
| **Confirmation Hearing** | On or about June 1, 2016 |

### The Prepackaged Plan

12.     The Prepackaged Plan classifies claims against, and interests in, the Debtors, and provides for the treatment of each class as follows:[7]

| Class | Claim or Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Plan | Approx. Percentage Recovery |
|---|---|---|---|---|---|
| 1 | Priority Non-Tax Claims | Except to the extent that a holder of an Allowed Priority Non-Tax Claim agrees to a less favorable treatment of such Claim, in full and final satisfaction of such Allowed Priority Non-Tax Claim, at the sole option of the Debtors or the Reorganized Debtors, (i) each such holder shall receive payment in Cash in an amount equal to such Claim, payable on the later of the Effective Date and the date that is ten (10) Business Days after the date on which such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, in each case, or as soon as reasonably practicable thereafter, (ii) such holder's Allowed Priority Non-Tax Claim shall be Reinstated, or (iii) such holder shall receive such other treatment so as to render such holder's Allowed Priority Non-Tax Claim Unimpaired pursuant to section 1124 of the Bankruptcy Code. | Unimpaired | No (Deemed to accept) | 100% |

---

[7]  This summary is for ease of reference only and shall not limit, modify, or amend the proposed treatment set forth in the Prepackaged Plan, which, in the event of any inconsistency, shall govern.

| Class | Claim or Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Plan | Approx. Percentage Recovery |
|---|---|---|---|---|---|
| 2 | Other Secured Claims | Except to the extent that a holder of an Allowed Other Secured Claim agrees to a less favorable treatment of such Claim, in full and final satisfaction of such Allowed Other Secured Claim, at the sole option of the Debtors or the Reorganized Debtors, (i) each such holder shall receive payment in Cash in an amount equal to such Claim, payable on the later of the Effective Date and the date that is ten (10) Business Days after the date on which such Other Secured Claim becomes an Allowed Other Secured Claim, in each case, or as soon as reasonably practicable thereafter, (ii) such holder's Allowed Other Secured Claim shall be Reinstated, or (iii) such holder shall receive such other treatment so as to render such holder's Allowed Other Secured Claim Unimpaired pursuant to section 1124 of the Bankruptcy Code. | Unimpaired | No (Deemed to accept) | 100% |
| 3 | Secured Loan Claims | Except to the extent that a holder of an Allowed Secured Loan Claim agrees to a less favorable treatment of such Claim, each such holder shall receive, in full and final satisfaction of such Claim and in accordance with Section 5.4(b) of the Plan, on the Effective Date, or as soon as reasonably practicable thereafter, such holder's Pro Rata share of (i) ninety percent (90%) of the New Common Stock issued on the Effective Date, (ii) the Last Out Exit Term Loan, and (iii) the Subordinated Holdco Loan.  On the Effective Date, each holder of an Allowed Secured Loan Claim that votes in favor of the Plan shall be deemed to have sold, assigned, or otherwise transferred all of such holder's Guarantee Claims against Lake Grove to Reorganized Fairway Acquisition. | Impaired | Yes | 42.4-52% |
| 4 | General Unsecured Claims | Except to the extent that a holder of an Allowed General Unsecured Claim agrees to a less favorable treatment of such Claim or has been paid before the Effective Date, on and after the Effective Date, the Reorganized Debtors shall continue to pay or treat each Allowed General Unsecured Claim in the ordinary course of business as if the Chapter 11 Cases had never been commenced, subject to all defenses or disputes the Debtors and Reorganized Debtors may have with respect to such Claims, including as provided in Section 10.8 of the Plan. | Unimpaired | No (Deemed to accept) | 100% |

| Class | Claim or Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Plan | Approx. Percentage Recovery |
|---|---|---|---|---|---|
| 5 | Intercompany Claims | On the Effective Date, or as soon as practicable thereafter, all Intercompany Claims shall be adjusted, reinstated, or discharged to the extent reasonably determined to be appropriate by the Debtors and the Requisite Lenders. | Unimpaired | No (Deemed to accept) | N/A |
| 6 | Existing Holdings Interests | On the Effective Date, all Existing Holdings Interests shall be deemed canceled, and the holders of Existing Holdings Interests shall not receive or retain any property under the Plan on account of such Interests. | Impaired | No (Deemed to Reject) | 0% |
| 7 | Intercompany Interests | Except as provided in Section 5.1(a) of the Plan, on the Effective Date, and without the need for any further corporate or limited liability company action or approval of any board of directors, management, or shareholders of any Debtor or Reorganized Debtor, as applicable, all Intercompany Interests held by Holdings or a direct or indirect subsidiary of Holdings shall be unaffected by the Plan and continue in place following the Effective Date, solely for the administrative convenience of maintaining the existing corporate structure of the Debtors that are subsidiaries of Holdings. | Unimpaired | No (Deemed to accept) | N/A |
| 8 | Subordinated Securities Claims | The holders of Subordinated Securities Claims shall not receive or retain any property under the Plan on account of such Claims and the obligations of the Debtors and the Reorganized Debtors, as applicable, on account of such Subordinated Claims shall be discharged. | Impaired | No (Deemed to reject) | 0% |

### **The Prepetition Solicitation**

13.    In connection with the Prepackaged Plan, the Debtors prepared the Disclosure Statement, describing, among other things, the Debtors' proposed reorganization and its effects on holders of claims against, and interests in, the Debtors.  Following execution of the RSA, and to effectuate the terms of their consensual restructuring, on May 2, 2016, the Debtors, through their voting agent, Prime Clerk LLC (the "**Voting Agent**" or "**Prime Clerk**"), caused copies of the following materials in connection with voting on the Prepackaged Plan (the

"**Solicitation Packages**") to be transmitted to each holder of a claim in Class 3 (Secured Loan Claims):

- the Disclosure Statement;

- the Prepackaged Plan;

- the exhibits to the Disclosure Statement, including:

  - Restructuring Support Agreement;

  - DIP Term Sheet;

  - DIP Commitment Letter;

  - Exit Facility Term Sheet;

  - Exit Facility Commitment Letter;

  - Organizational Structure;

  - Schedule of Leases; and

  - Liquidation Analysis; and

- the appropriate form of ballot (the "**Ballot**") with voting instructions. [8]

14.     The instructions on the Ballots advised parties that for a Ballot to be counted, the Ballot must be properly executed, completed, and delivered to the Voting Agent so that it is received by the Voting Agent no later than 5:00 p.m. (Eastern Standard Time) on May 12, 2016 (the "**Voting Deadline**"), unless such time is extended by the Debtors.  The holders of Class 3 Secured Loan Claims were encouraged to submit a customized electronic Ballot via online transmission through the E-Ballot platform on Prime Clerk's website.  Parties unable to utilize the E-Ballot platform were permitted to submit paper ballots to Prime Clerk via overnight courier or personal delivery.

---

[8] A form of Ballot is attached hereto as **Exhibit D**.

15.    Class 3 (Secured Loan Claims) is the only class that is entitled to vote on the Prepackaged Plan.  As of the date hereof, holders of claims in Class 3 (Secured Loan Claims) holding more than 70% in amount of all Senior Secured Claims have voted to accept the Prepackaged Plan.    Accordingly, the Debtors, consistent with the Guidelines, elected to immediately commence these Chapter 11 Cases and seek confirmation of the Prepackaged Plan.

16.    Holders of Claims in Class 1 (Priority Non-Tax Claims), Class 2 (Other Secured Claims), Class 4 (General Unsecured Claims), Class 5 (Intercompany Claims), and Class 7 (Intercompany Interests) are unimpaired under the Prepackaged Plan and, pursuant to section 1126(f) of the Bankruptcy Code, these classes are presumed to have accepted the Prepackaged Plan and were not solicited.  The Debtors also were not required to solicit votes from the holders of Interests in Class 6 (Existing Holdings Interests) and Class 8 (Subordinated Securities Claims) as such classes will receive no recovery under the Prepackaged Plan and are deemed to reject the Prepackaged Plan.

**<u>Relief Requested Should be Granted</u>**

**A.    Scheduling Combined Hearing on Disclosure Statement and Prepackaged Plan**

17.    Section 105(d)(2)(B)(vi) of the Bankruptcy Code authorizes the Bankruptcy Court to combine a hearing on a disclosure statement and solicitation procedures with a hearing on the confirmation of a Prepackaged Plan of reorganization. 11 U.S.C. § 105(d)(2)(B)(vi).  Additionally, Part XI of the Guidelines specifies that in a prepackaged chapter 11 case, the hearings on a debtor's compliance with section 1126(b) of the Bankruptcy Code, which provides that votes solicited prepetition may be counted so long as the solicitation was in compliance with any applicable nonbankruptcy law governing the adequacy of disclosure, or, if no such law exists, after disclosure of adequate information as defined in section 1125 of

the Bankruptcy Code, and on confirmation of the Prepackaged Plan "shall be combined whenever practicable."

18.    A Combined Hearing in these Chapter 11 Cases will promote judicial economy and will allow the Debtors to expeditiously effectuate their restructuring and preserve value.  The adverse effects of the chapter 11 filings upon the Debtors' businesses and going concern value will be minimized, and the benefit to creditors maximized, through prompt distributions to holders of claims against and interests in the Debtors and the reduction of administrative expenses of the estates.  Such benefits are the hallmarks of a prepackaged plan of reorganization.  Therefore, the Debtors request entry of the Scheduling Order, pursuant to section 105(d)(2)(B)(vi) of the Bankruptcy Code, setting a date for the Combined Hearing for the Court to consider (a) the adequacy of the Disclosure Statement, (b) confirmation of the Prepackaged Plan, and (c) approval of the Solicitation Procedures.

19.    Bankruptcy Rules 2002(b) and 3017(a) require twenty-eight (28) days' notice be given by mail to all creditors of the time fixed for filing objections and the hearing to approve a disclosure statement or confirmation of a prepackaged plan of reorganization, subject to the Court's discretion to shorten such period under Bankruptcy Rule 9006(c)(1).  Section 1128(a) of the Bankruptcy Code provides that, "[a]fter notice, the court shall hold a hearing on confirmation of a Prepackaged Plan." 11 U.S.C. § 1128(a).  Part X.D of the Guidelines provides that notice of the hearing on adequacy of a disclosure statement and confirmation of a Prepackaged Plan in a prepackaged bankruptcy shall be mailed at least twenty-eight (28) days prior to the hearing date, unless such period is shortened by the Court.

20.    The Debtors seek to consummate the Prepackaged Plan expeditiously and efficiently.  In order to meet the milestones set forth in the RSA, an order confirming the

11

Prepackaged Plan must be entered no later than sixty (60) days after the Commencement Date. Accordingly, the Debtors request that the Combined Hearing be held, subject to the Bankruptcy Court's schedule, on or about June 1, 2016, in compliance with both Part X.D. of the Guidelines and Bankruptcy Rules 2002(b) and 3017(a). The Debtors further request that the Scheduling Order provide that the Combined Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court or at the Combined Hearing and that notice of such adjourned date(s) will be available on the electronic case filing docket.

21.    It is in the best interest of the Debtors, their estates, creditors, and parties in interest to hold the Combined Hearing as soon as practicable, consistent with the timing requirements of the Bankruptcy Code, Bankruptcy Rules, and Guidelines. The proposed schedule affords all parties in interest sufficient notice of the Combined Hearing. Holders of claims in Class 3—the only class entitled to vote on the Prepackaged Plan—received a copy of the Disclosure Statement (including the Prepackaged Plan as an exhibit) in advance of the Commencement Date. All other parties in interest—which parties are not entitled to vote on the Prepackaged Plan—will receive notice of their treatment in these Chapter 11 Cases and will be provided an opportunity to obtain a copy of the Prepackaged Plan and the Disclosure Statement with sufficient time to evaluate such documents prior to the proposed Combined Hearing and the Objection Deadline. Therefore, no party in interest will be prejudiced by the relief requested herein.

**B.    Deadline and Procedures for Objections to Adequacy of Disclosure Statement and/or Confirmation of Prepackaged Plan**

22.    Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation." Fed. R.

Bankr. P. 3017(c).  Moreover, Bankruptcy Rule 2002(b) requires that all creditors be given at least twenty-eight (28) days' notice by mail of the time fixed for filing objections to approval of a disclosure statement or confirmation of a plan of reorganization, subject to the discretion of the Bankruptcy Court to reduce such time period under Bankruptcy Rule 9006(c)(1).  Fed. R. Bankr. P. 2002(b).  Local Rule 3020-1(a) additionally provides that objections to confirmation of such plan of reorganization must be filed not later than seven (7) days prior to the hearing on confirmation unless the Court orders otherwise.

23.     The Debtors require at least one business day following entry of the Scheduling Order for the service of notice of the Combined Hearing.  As set forth above, the Debtors propose that the Combined Hearing be set, subject to the Court's schedule, on June 1, 2016.

24.     The Debtors further propose that the Court direct that any objections with respect to the Disclosure Statement, the Solicitation Procedures, and/or the Prepackaged Plan must (a) be in writing; (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection; (d) conform to the Bankruptcy Rules and the Local Rules; (e) be filed with the Bankruptcy Court (i) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and (ii) by all other parties in interest, on a 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable; and (f) be served in accordance with General Order M-399 **no later**

than **5:00 p.m. (Prevailing Eastern Time) on May 24, 2016 (the "Objection Deadline")**, on

the following parties:

    i.    counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Matthew S. Barr, Esq., and Sunny Singh, Esq.);

    ii.    King & Spalding LLP, 1185 Avenue of the Americas, New York, New York 10036 (Attn: Michael Rupe, Esq. and Christopher G. Boies, Esq.) and 1180 Peachtree Street, Atlanta, Georgia 30309 (Attn: W. Austin Jowers, Esq.), the attorneys for Credit Suisse AG, Cayman Islands Branch, as (a) administrative agent and collateral agent under that certain Credit Agreement, dated as of February 14, 2013 and amended as of May 3, 2013, and (b) agent under the Debtors' proposed postpetition debtor-in-possession financing facility; and

    iii.    the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Greg Zipes, Esq. and Andy Velez-Rivera, Esq.).

25.    The Objection Deadline will allow the Debtors sufficient time to respond to objections with respect to the Disclosure Statement, the Solicitation Procedures, and/or the Prepackaged Plan. In addition, the Debtors propose that they will file their brief and affidavit in support of confirmation and a reply to any objections no later than one (1) business day before the Combined Hearing. The proposed schedule for the Combined Hearing, including the fixing of the Objection Deadline, is in the best of the Debtors, their estates, creditors, and all parties in interest.

### C.    Approval of Form, Manner, and Sufficiency of Notice of Combined Hearing and Commencement of These Chapter 11 Cases

26.    A debtor is required to provide all creditors, equity holders, and parties in interest with notice of the commencement of the chapter 11 case. Also, Part X.A of the Guidelines requires that notice of the filing of a prepackaged plan and disclosure statement and of the hearing to consider compliance with disclosure requirements and confirmation of the Prepackaged Plan must be given to all parties in interest. Bankruptcy Rule 2002(a) provides, in

relevant part, that "the clerk, or some other person as the court may direct shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of the meeting of creditors under § 341 or § 1104(b) of the Code." Part VIII.A of the Guidelines provides that the debtor shall notify creditors of the date, time, and place of the section 341(a) meeting of creditors and that the date set for such meeting should be no more than forty (40) days after the filing of the petition.

27.     In these Chapter 11 Cases, it would be efficient and cost-effective if the Debtors were permitted to serve parties in interest with a combined notice of these events rather than individual notices. Therefore, the Debtors request authorization, in accordance with this Court's authority pursuant to Bankruptcy Rule 9007 and in accordance with the Guidelines, to mail, or cause to be mailed, by first-class mail within one (1) business days after the entry of the Scheduling Order, a combined notice of the commencement of the Chapter 11 Cases, the Combined Hearing, and the deferral of the Section 341(a) Meeting until confirmation of the Prepackaged Plan (the "**Combined Notice**"), substantially in the form attached hereto as **Exhibit B**, to (a) all of the Debtors' known creditors and equity interest holders, (b) King & Spalding LLP, 1185 Avenue of the Americas, New York, New York 10036 (Attn:  Michael Rupe, Esq. and Christopher G. Boies, Esq.), and King & Spalding LLP, 1180 Peachtree Street, Atlanta, Georgia 30309 (Attn:  W. Austin Jowers, Esq.), the attorneys for Credit Suisse AG, Cayman Islands Branch, as (x) administrative agent and collateral agent under that certain Credit Agreement, dated as of February 14, 2013 and amended as of May 3, 2013, and (y) agent under the Debtors' proposed postpetition financing facility; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Trustee's Office for the Southern District of New York; and (e) all other entities required to be served under Bankruptcy

Rules 2002 and 3017; or otherwise in compliance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Guidelines.

28.    Among other things, the Combined Notice sets forth (i) notice of the commencement of the Debtors' chapter 11 cases; (ii) the date, time, and place of the Combined Hearing; (iii) instructions for obtaining copies of the Disclosure Statement and Prepackaged Plan; (iv) a summary of the Prepackaged Plan, including a chart summarizing Prepackaged Plan distributions; and (v) the deadline and procedures for objecting to the Disclosure Statement, the Solicitation Procedures, and confirmation of the Prepackaged Plan.  In addition, the Combined Notice informs parties in interest of deferral of the Section 341(a) Meeting until confirmation of the Prepackaged Plan, and that such meeting will not be convened if the Prepackaged Plan is confirmed within sixty (60) days after the Commencement Date.  Accordingly, the Combined Notice complies with requirements of Parts VIII and X.B of the Guidelines.

29.    To provide additional notice to parties in interest in these cases, the Debtors propose to post to a website (the "**Website**") maintained by the Voting Agent various chapter 11 documents, including the following: (a) the Prepackaged Plan, (b) the Disclosure Statement, (c) this Motion and any orders entered in connection with this Motion, and (d) the Combined Notice.  The Website address is:  http://cases.primeclerk.com/fairway.

30.    Bankruptcy Rule 2002(l) permits the Court to order "notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."  In accordance therewith, the Debtors propose to publish a notice (the "**Publication Notice**"), substantially in the form attached hereto as **Exhibit C**, in *The New York Times (National Edition)*, and another publication determined by the Debtors.  Moreover, notice of commencement of the Debtors' Chapter 11 Cases will be filed with the Securities and Exchange

Commission on Form 8-K and, thus, will be available to interested parties through the Securities and Exchange Commission's EDGAR website.

31.    The proposed service of the Combined Notice will provide sufficient notice to all parties in interest in the Debtors' Chapter 11 Cases of the commencement of such cases, the date, time, and place of the Combined Hearing, and the procedures for objecting to the adequacy of the Disclosure Statement and Solicitation Procedures or the confirmation of the Prepackaged Plan.  In addition, the Publication Notice will provide sufficient notice to persons who did not otherwise receive notice pursuant to the Combined Notice.

**D.    Deferral of Section 341(a) Meeting**

32.    Section 341(e) of the Bankruptcy Code requires that the first meeting of creditors be held within a "reasonable" time after the Commencement Date.  Part VIII.A of the Guidelines specifies that, unless the Court determines that a meeting of creditors is unnecessary pursuant to section 341(e), the Debtors must give notice of the date, time, and place of such meeting.  Furthermore, Part X.B.2 of the Guidelines provides that the Combined Notice or a separate notice must state that the Section 341(a) Meeting will not be convened if the Prepackaged Plan is confirmed prior to the date set forth for the meeting and the order confirming the Prepackaged Plan contains a provision waiving the convening of such meeting.

33.    Given the timeline for confirmation of the Prepackaged Plan requested by the Debtors in this Motion, the Debtors propose that the Court direct that the Section 341(a) Meeting be deferred until confirmation of the Prepackaged Plan and need not be convened unless the Prepackaged Plan is not confirmed within sixty (60) days after the Commencement Date or such later date as may be determined by the Court.  The Debtors propose that if the Prepackaged Plan is confirmed within sixty (60) days after the Commencement Date, the Section 341(a) Meeting need not be held.  If, on the other hand, the Section 341(a) Meeting will be convened,

the Debtors will file, serve on the parties identified in paragraph 27, and post on its claims agent's website at http://cases.primeclerk.com/fairway, not less than seven (7) days before the date scheduled for such meeting, a notice of the date, time, and place of the Section 341(a) Meeting.

E.    **Approval of Solicitation Procedures**

34.    As described herein, the Debtors distributed the Disclosure Statement and solicited approval of the Prepackaged Plan prior to the commencement of the Chapter 11 Cases from the holders of claims in Class 3 (Secured Loan Claims).  The Voting Deadline was established for 10 days after service of the Solicitation Packages in compliance with applicable nonbankruptcy law, if any.  Section 1126(b) of the Bankruptcy Code specifically provides that:

> [A] holder of a claim or interest that has accepted or rejected the Prepackaged Plan before the commencement of the case under this title is deemed to have accepted or rejected such Prepackaged Plan, as the case may be, if –
>
> > (1) the solicitation of such acceptance or rejection was in compliance with any applicable nonbankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation; or
> >
> > (2) if there is not any such law, rule, or regulation, such acceptance or rejection was solicited after disclosure to such holder of adequate information, as defined in section 1125(a) of this title.

11 U.S.C. § 1126(b).  Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes to accept or reject a Prepackaged Plan of reorganization.  Bankruptcy Rule 3017(e) provides that "the court shall consider the procedures for transmitting the documents and information required by [Bankruptcy Rule 3017(d)] to beneficial holders of stock, bonds, debentures, notes, and other securities, determine the adequacy of such procedures, and enter any orders as the court deems

18

appropriate." Fed. R. Bankr. P. 3017(e). As set forth herein, the Solicitation Package and prepetition Solicitation Procedures utilized by the Debtors are in compliance with the Bankruptcy Code and Bankruptcy Rules.

35.    The Debtors have further worked to ensure that the solicitation of the Prepackaged Plan is in compliance with the Guidelines. Specifically, Part III.C of the Guidelines provides that in cases where chapter 11 petitions are filed after solicitation has commenced, but before expiration of the applicable Voting Deadline, "the Debtor and other parties in interest shall be permitted to accept but not solicit ballots until the Voting Deadline." Because the Debtors will only accept, but not solicit Ballots until the Voting Deadline, the Solicitation Procedures are in compliance with the Guidelines.

**F.    Voting Record Date**

36.    Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a Prepackaged Plan of reorganization, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes. Bankruptcy Rule 3018(b) provides that "[a]n equity security holder or creditor whose claim is based on a security of record . . . shall not be deemed to have accepted or rejected the Prepackaged Plan . . . unless the equity security holder or creditor was the holder of record of the security on the date specified in the solicitation of such acceptance or rejection for the purposes of such solicitation." Fed. R. Bankr. P. 3018(b).

37.    The Solicitation Packages clearly identified April 29, 2016 as the record date ("**Voting Record Date**") for determining which holders of claims and equity interests were

entitled to vote to accept or reject the Prepackaged Plan.  Accordingly, the Debtors' designation

of the Voting Record Date conforms to the applicable Bankruptcy Rules.

      **G.**    **Approval of Voting Deadline**

      38.    On May 2, 2016, the Debtors caused the Voting Agent to distribute the

Solicitation Packages to holders of Class 3 Claims.  The Debtors established 5:00 p.m. (Eastern

Standard Time) on May 12, 2016 as the Voting Deadline, giving the holders of claims in Class 3

ten (10) days to submit a completed Ballot to the Voting Agent.  Pursuant to the instructions

contained in the Ballot, Holders of Claims in the Class 3 (Secured Loans Claims) were

encouraged to return the completed Ballots by electronic submission through Prime Clerk's E-

Balloting platform.  The Ballots stated in clear and conspicuous language that all Ballots must be

properly executed, completed, and delivered/and or transmitted to the Voting Agent by the

Voting Deadline.

      39.    Bankruptcy Rule 3018(b) provides that prepetition acceptances or

rejections of a Prepackaged Plan are valid only if the Prepackaged Plan was transmitted to

substantially all the holders of claims or equity interests in each solicited class and the time for

voting was not unreasonably short.  Fed. R. Bankr. P. 3018(b).  Bankruptcy Rule 3018(b) also

requires that the solicitation comply with section 1126(b) of the Bankruptcy Code (*i.e.*, that the

solicitation comply with applicable nonbankruptcy law or contain "adequate information").  The

Debtors submit that the Solicitation satisfies the standards set forth in Bankruptcy Rule 3018(b)

and section 1126(b) of the Bankruptcy Code.

      40.    As discussed above, the Solicitation Package was transmitted to all the

holders of claims in Class 3 (Secured Loan Claims)—the only class of claims eligible to vote on

the Prepackaged Plan.  Moreover, the solicitation period of 10 days, which extends from May 2,

2016 to May 12, 2016 at 5:00 p.m. (Eastern Standard Time), gives holders of Class 3 claims

(Secured Loan Claims) sufficient time to review the Disclosure Statement and Prepackaged Plan. Accordingly, given the circumstances of the case and the solicitation process, the solicitation period is not "unreasonably short."

41.     The holders of Class 3 claims are sophisticated institutional creditors, many with substantial knowledge of the Debtors' businesses and operations. As such, before the commencement of the Solicitation Process, the Debtors, the advisors to the agent for the prepetition Credit Agreement, and the majority of holders of Class 3 Claims, all spent a substantial amount of time negotiating a comprehensive restructuring of the Debtors' capital structure—a process that culminated in the Prepackaged Plan and RSA. Thus, before the Solicitation Process began, the majority of the Class 3 Claimants were already intimately familiar with the terms of the Prepackaged Plan and Disclosure Statement. Indeed, under the terms of the RSA, which was executed on May 2, 2016, the Consenting Lenders, who represent over 70% in dollar amount of all Class 3 Claims, were obligated to vote their Class 3 claims in favor of the Prepackaged Plan. Finally, as discussed above, the Solicitation Packages were transmitted to all holders of Class 3 claims via e-mail, providing such holders with the ability to review the Prepackaged Plan and Disclosure Statement immediately upon transmission. Accordingly, holders of Class 3 claims were well informed as to all material terms of the Prepackaged Plan well before solicitation commenced and had sufficient time to consider the materials in the solicitation package to make a well-informed voting decision.

42.     This Court has previously approved prepackaged solicitation procedures with a voting period of fewer than fourteen days in analogous circumstances. *See, e.g.*, *In re Sbarro, LLC*, Case No. 14-10557 (MG) (Bankr. S.D.N.Y. March 13 2014) [Docket No. 65] (approving three-day prepetition solicitation period); *QCE Finance LLC,* Case No. 14-10543

(PJW) (Bankr. S.D.N.Y. March 17, 2014) [Docket No. 47] (same); (*DJK Residential LLC*, Case No. 08-10375 (JMP) (Bankr. S.D.N.Y. May 2, 2008) [Docket No. 485] (approving postpetition solicitation period of two days following a prepetition solicitation of five days).

43.    Additionally, Part VII.A of the Guidelines provides that the "under ordinary circumstances" a court will approve as reasonable a "fourteen (14) day voting period, measured from the date of commencement of mailing" with respect to the solicitation of votes of holders of "securities which are not Publicly Traded Securities and for debt for borrowed money which is not evidenced by a Publicly Traded Security." However, section VII.B of the Guidelines also provides that "[n]othing herein is intended to preclude a shorter voting period if it is justified in a particular case." In addition to the reasons set forth above, the voting period is justified in light of the risks inherent to the Debtor's operations in announcing the prepetition solicitation for a chapter 11 Prepackaged Plan, including deterioration of trade terms, the impact on customers, and other actions that would disrupt the Debtors' operations.

44.    For all these reasons, the Debtors believe that the solicitation period is sufficient and appropriate for holders of claims in Class 3 (Secured Loan Claims) to make an informed decision to accept or reject the Prepackaged Plan.

### H.    Approval of Solicitation Package and Transmittal

45.    The Debtors caused the Solicitation Package to be transmitted to holders of claims in Class 3 on May 2, 2016 via electronic mail. The Solicitation Package contained adequate information to enable holders of claims in Class 3 to make a determination as to whether to accept or reject the Prepackaged Plan.

46.    Bankruptcy Rule 3017(d) requires the Debtors to mail a form of ballot, which substantially conforms to Official Form No. 14 only to "creditors and equity security holders entitled to vote on the Prepackaged Plan." Fed. R. Bankr. P. 3017(d). The Debtors

distributed to holders of claims entitled to vote ballots in the form of **Exhibit D** attached hereto. The form of the Ballot is based on Official Form No. 14, but has been modified to address the particular circumstances of these chapter 11 cases and to include certain additional information that is relevant and appropriate for creditors entitled to vote to accept or reject the Prepackaged Plan. *See* Fed. R. Bankr. P. 3017(d).

47.    The Solicitation Package was transmitted to the Voting Agent who, in turn, transmitted the Solicitation Packages to the record holders of claims in Class 3 by electronic mail, and where unavailable, by overnight mail to an address specified on the Ballot.  As mentioned above, holders of claims against, or interests in, the Debtors in the remaining classes were not provided with a Solicitation Package.  Such holders of claims or interests are either unimpaired and presumed to accept the Prepackaged Plan, or impaired and presumed to reject the Prepackaged Plan, pursuant to sections 1126(f) and (g) of the Bankruptcy Code.

## I.    Approval of Procedures for Vote Tabulation

48.    The Debtors respectfully request that the Court approve the voting and tabulation procedures described herein in accordance with section 1126(c) of the Bankruptcy Code.  Section 1126(c) of the Bankruptcy Code provides as follows:

> A class of claims has accepted a Prepackaged Plan if such Prepackaged Plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such Prepackaged Plan.

49.    The Voting Agent did not count or consider for any purpose in determining whether the Prepackaged Plan has been accepted or rejected the following Ballots: (a)  except in the Debtors' sole discretion, any Ballot received after the Voting Deadline, (b) any Ballot that is illegible or contains insufficient information to permit the identification of the

23

claimant, (c) any Ballot cast by a person or entity that does not hold a claim in Class 3, (d) any unsigned or non-original Ballot, (e) any form of ballot other than the official form of Ballot sent by the Voting Agent, or (f) except in the Debtors' sole discretion, excluding submission through Prime Clerk's E-Ballot Platform, any Ballot transmitted to the Voting Agent by, telecopy, facsimile, e-mail, or other electronic means. As specified on the Ballot, any Ballot that is otherwise properly completed, executed, and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Prepackaged Plan, or that indicates both an acceptance and rejection of the Prepackaged Plan will be counted as a vote to accept the Prepackaged Plan.

50.    The Debtors required that the holders of claims in Class 3 vote all of their claims either to accept or reject the Prepackaged Plan. Notwithstanding Bankruptcy Rule 3018(a), and in accordance with Part VII.D of the Guidelines, the Debtors propose that whenever two or more Ballots were cast voting the same claim prior to the Voting Deadline, the last timely Ballot received prior to the Voting Deadline should be deemed to reflect the voter's intent and to thus supersede any prior Ballot(s), without prejudice to the Debtors' right to object to the validity of the second ballot on any basis permitted by law.

51.    Similar procedures have been approved in other chapter 11 cases. *See, e.g.*, *In re Sbarro, LLC*, Case No. 14-10557 (MG) (Bankr. S.D.N.Y. May 19, 2014) [Docket No. 238]; *In re QCE Finance LLC,* Case No. 14-10543 (PJW) (Bankr. S.D.N.Y. May 12, 2014) [Docket No. 318]; *In re LodgeNet Interactive Corp.*, Case No. 13-10238 (SCC) (Bankr S.D.N.Y. March 7, 2013) [Docket No. 220]; *In re Houghton Mifflin Harcourt Publishing Co.*, Case No. 12-12171 (REG) (Bankr. S.D.N.Y. June 21, 2012) [Docket No. 122].

52.    Such procedures provided for a fair and equitable voting process and should be approved in these chapter 11 cases.

**J.      Non-Transmission of Plan and Disclosure Statement to Certain Holders of Claims and Interests**

53.      For the reasons set forth herein, the Debtors request a waiver of the Bankruptcy Rule requirement that the Debtors mail copies of the Prepackaged Plan and Disclosure Statement to holders of claims and equity interests presumed to accept or deemed to reject the Prepackaged Plan.  *See* Fed. R. Bankr. P. 3017(d) (requiring transmission of court-approved disclosure statement to, *inter alia*, classes of unimpaired creditors and equity security holders).  Because the Debtors solicited acceptances and rejections of the Prepackaged Plan on a prepetition basis, no disclosure statement was "approved" under Bankruptcy Rule 3017(d), and therefore Bankruptcy Rule 3017 is not applicable here.  Further, Part X.A of the Guidelines provides that "[n]o further distribution of the Prepackaged Plan or disclosure statement (or other solicitation document) beyond that which occurred prepetition is required unless requested by a party-in-interest."  The Debtors will make the Disclosure Statement and the Prepackaged Plan available at no cost on the Voting Agent's website (http://cases.primeclerk.com/fairway) and will include a summary of the Prepackaged Plan in the Combined Notice.  Moreover, it would be a significant and unnecessary administrative burden on the Debtors to transmit the Disclosure Statement and Prepackaged Plan to holders of claims or interests that have been deemed to accept or reject the Prepackaged Plan.  Accordingly, it is not appropriate to require the Debtors to transmit copies of the Solicitation Package to the holders of claims or equity interests not entitled to vote to accept or reject the Prepackaged Plan.

**K.**      **Debtors' Prepetition Solicitation Was Exempt from Registration and
Disclosure Requirements Otherwise Applicable under Nonbankruptcy Law**

54.      Section 1126(b) of the Bankruptcy Code provides, in relevant part, as

follows:

> [A] holder of a claim or interest that has accepted or rejected the
> Prepackaged Plan before the commencement of the case under this
> title is deemed to have accepted or rejected such Prepackaged Plan,
> as the case may be, if — (1) the solicitation of such acceptance or
> rejection was in compliance with any applicable nonbankruptcy
> law, rule, or regulation governing the adequacy of disclosure in
> connection with such solicitation; or (2) if there is not any such
> law, rule, or regulation, such acceptance or rejection was solicited
> after disclosure to such holder of adequate information, as defined
> in section 1125(a) of this title.

11 U.S.C. § 1126(b). Thus, prepetition solicitation must comply with either generally applicable

federal or state securities laws and regulations (including the registration and disclosure

requirements thereof) or, if such laws and regulations do not apply, the solicited holders must

receive "adequate information" under section 1125 of the Bankruptcy Code.

55.      The Debtors' prepetition Solicitation Procedures are exempt from

registration pursuant to section 4(a)(2) of the Securities Act of 1933, 15 U.S.C. §§ 77a-77aa (as

amended from time to time, the "**Securities Act**") and under state "Blue Sky" laws, or any

similar rules, regulations, or statutes. Specifically, section 4(a)(2) of the Securities Act creates

an exemption from the registration requirements under the Securities Act for transactions not

involving a "public offering." Section 4(a)(2) exempts from registration under the Securities Act

all "transactions by an issuer not involving any public offering." 15 U.S.C. § 77d(2). The

Debtors have complied with the requirements of section 4(a)(2) of the Securities Act as the

prepetition solicitation of acceptances would constitute a private placement of securities. The

solicitation to creditors was made only to those holders of Class 3 Claims (Secured Loan Claims)

who are "Qualified Institutional Buyers" (as defined in rule 144a of the Securities Act),

26

"Institutional Accredited Investors" (within the meaning of rule 501(a) of Regulation D of the Securities act) or non-"U.S. Persons" (as defined in regulation S of the Securities Act), as creditors were required to certify on their Ballots that they belonged to one of the foregoing categories.  Therefore, the requirements of section 1126(b)(1) of the Bankruptcy Code are inapplicable to the Debtors' prepetition solicitation.  As discussed more fully below, the Debtors will seek a determination from the Court at the Combined Hearing that all solicited holders received "adequate information," as defined in section 1125(a) of the Bankruptcy Code, in accordance with section 1126(b)(2) of the Bankruptcy Code.

### L.    Adequacy of the Disclosure Statement

56.    At the Combined Hearing, in addition to seeking confirmation of the Prepackaged Plan, the Debtors will seek the Court's ruling that the prepetition solicitation complied with section 1126(b)(2) of the Bankruptcy Code because the Disclosure Statement provided adequate information within the meaning of section 1125(a)(1) of the Bankruptcy Code.

57.    Pursuant to section 1125 of the Bankruptcy Code, a Prepackaged Plan proponent must provide holders of impaired claims or interests with "adequate information" regarding a debtor's proposed Prepackaged Plan of reorganization. Section 1125(a)(1) of the Bankruptcy Code provides that:

> "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the Prepackaged Plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the Prepackaged Plan.

11 U.S.C. § 1125(a)(1).

58.    The Disclosure Statement is extensive and comprehensive and contains descriptions and summaries of, among other things, (a) the Prepackaged Plan, (b) the transactions to be effected in connection with the Prepackaged Plan, (c) certain events preceding the commencement of the chapter 11 cases, (d) claims asserted against the Debtors' estates, (e) risk factors affecting the Prepackaged Plan, (f) a liquidation analysis, (g) financial information that would be relevant to creditors' determinations of whether to accept or reject the Prepackaged Plan, and (h) federal tax law consequences of the Prepackaged Plan.

59.    Accordingly, and for the reasons that will be more fully established at the Combined Hearing, the Disclosure Statement contains adequate information as defined in section 1125(a)(1) of the Bankruptcy Code and should be approved.

**M.    Confirmation of Prepackaged Plan**

60.    The Prepackaged Plan satisfies all of the requirements for confirmation under the Bankruptcy Code.  As noted above, the Debtors have requested that the Court schedule the Combined Hearing at which time the Debtors will seek confirmation of the Prepackaged Plan.  Prior to the Combined Hearing, the Debtors will file a brief and/or affidavit in support of the Prepackaged Plan demonstrating that the Prepackaged Plan satisfies each requirement for confirmation and responding to any objections to confirmation.

**Reservation of Rights**

61.    Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's

28

order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

**Notice**

62.    Notice of this Motion has been provided to (i) the Office of the U.S. Trustee for Region 2; (ii) the holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated basis); (iii) (a) King & Spalding LLP, 1185 Avenue of the Americas, New York, New York 10036 (Attn:  Michael Rupe, Esq. and Christopher G. Boies, Esq.), (b) King & Spalding LLP, 1180 Peachtree Street, Atlanta, Georgia 30309 (Attn:  W. Austin Jowers, Esq.), the attorneys for Credit Suisse AG, Cayman Islands Branch, as (x) Prepetition Agent and (y) as DIP Agent; (iv) the Securities and Exchange Commission;  (v) the Internal Revenue Service; and (vi) the United States Attorney's Office for the Southern District of New York.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

63.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order, substantially in form attached hereto as **Exhibit A** granting the relief requested herein and such other and further relief as is just.

Dated: May 2, 2016
      New York, New York

                     /s/ Matthew S. Barr
                     WEIL, GOTSHAL & MANGES LLP
                     767 Fifth Avenue
                     New York, New York  10153
                     Telephone:  (212) 310-8000
                     Facsimile:  (212) 310-8007
                     Ray C. Schrock, P.C.
                     Matthew S. Barr
                     Sunny Singh

                     *Proposed Attorneys for Debtors*
                     *and Debtors in Possession*

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In re                                                    :
                                                         :    **Chapter 11**
**FAIRWAY GROUP HOLDINGS**                               :
**CORP.**, *et al.*,                                     :    **Case No. 16-[_____] (___)**
                                                         :
                    **Debtors.**[1]                      :    **(Jointly Administered)**

-----------------------------------------------------------------x

### ORDER (A) SCHEDULING COMBINED HEARING ON ADEQUACY OF DISCLOSURE STATEMENT AND CONFIRMATION OF PREPACKAGED PLAN, (B) ESTABLISHING PROCEDURES FOR OBJECTING TO DISCLOSURE STATEMENT AND PREPACKAGED PLAN; (C) APPROVING FORM, MANNER, AND SUFFICIENCY OF NOTICE OF COMBINED HEARING, COMMENCEMENT OF CHAPTER 11 CASES AND DEFERRAL OF MEETING OF CREDITORS AND EQUITY HOLDERS; (D) DIRECTING THAT SECTION 341(a) MEETING IS DEFERRED UNTIL CONFIRMATION OF PREPACKAGED PLAN AND (E) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Fairway Group Holdings Corp. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105, 107(b), 365, 1125, 1126, 1128, and 1129 of title 11, United States Code, 11 U.S.C. §§ 101 et seq. of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 3003(c), 3017, 3018, 3020, 9006, and 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rules 3017 and 3018 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and the Amended

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  Fairway Group Holdings Corp. (2788); Fairway Group Acquisition Company (2860); Fairway Bakery LLC (4129); Fairway Broadway LLC (8591); Fairway Chelsea LLC (0288); Fairway Construction Group, LLC (2741); Fairway Douglaston LLC (2650); Fairway East 86th Street LLC (3822); Fairway eCommerce LLC (3081); Fairway Georgetowne LLC (9609); Fairway Greenwich Street LLC (6422); Fairway Group Central Services LLC (7843); Fairway Group Plainview LLC (8643); Fairway Hudson Yards LLC (9331); Fairway Kips Bay LLC (0791); Fairway Nanuet LLC (9240); Fairway Paramus LLC (3338); Fairway Pelham LLC (3119); Fairway Pelham Wines & Spirits LLC (3141); Fairway Red Hook LLC (8813); Fairway Stamford LLC (0738); Fairway Stamford Wines & Spirits LLC (3021); Fairway Staten Island LLC (1732); Fairway Uptown LLC (8719); Fairway Westbury LLC (6240); and Fairway Woodland Park LLC (9544).  The location of the Debtors' corporate headquarters is 2284 12th Avenue, New York, New York 10027.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Procedural Guidelines for Prepackaged Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of New York, as amended, effective December 1, 2009 (as adopted by General Order M-454) (the "**Guidelines**"), requesting entry of an order (a) scheduling a Combined Hearing to consider (i) the adequacy of the Disclosure Statement ("**Disclosure Statement**") for the Joint Chapter 11 Prepackaged Plan of Fairway Group Holdings Corp. and Its Affiliated Debtors (the **"Prepackaged Plan")** (ii) adequacy of the Solicitation Procedures, and (iii) confirmation of the Prepackaged Plan; (b) establishing procedures for objecting to the Disclosure Statement, Solicitation Procedures, and the Prepackaged Plan; (c) approving the form, manner, and sufficiency of notice of the Combined Hearing, commencement of these chapter 11 cases, and the deferral of the meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "**Section 341(a) Meeting**") until confirmation of the Prepackaged Plan; (d) directing that the Section 341(a) Meeting is deferred until confirmation of the Prepackaged Plan and need not be convened unless the Prepackaged Plan is not confirmed by sixty (60) days after the Commencement Date or such later date as may be determined by the Court, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Declaration of Dennis Stogsdill Pursuant to Rule 1007-2 of the Local

2

Bankruptcy Rules for the Southern District of New York (the "**Stogsdill Declaration**") filed contemporaneously with the Motion, the record of the Hearing and all of the proceedings had before the Court; and is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted to the extent set forth herein; and it is further

ORDERED that the Combined Hearing (at which time the Bankruptcy Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Prepackaged Plan) will be held before the Honorable _____, United States Bankruptcy Judge, in court room __ of the United States Bankruptcy Court, One Bowling Green, New York, NY 10004, on _____, 2016 at _:__ _.m. (prevailing Eastern time).  The Combined Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court or at the Combined Hearing and notice of such adjourned date(s) will be available on the electronic case filing docket; and it is further

ORDERED that any objections to the approval of the Disclosure Statement, the Solicitation Procedures, or confirmation of the Prepackaged Plan must:  (a) be in writing; (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection; (d) conform to the Bankruptcy Rules and the Local Rules; (e) be filed with the Bankruptcy Court (i) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and (ii) by all other

3

parties in interest, on a 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable; and (f) be served in accordance with General Order M-399 **no later than 5:00 p.m. (Prevailing Eastern Time) on [●], 2016 (the "Objection Deadline")**, on the following parties:

> (i) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Matthew S. Barr, Esq., and Sunny Singh, Esq.);
>
> (ii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Greg Zipes, Esq. and Andy Velez-Rivera, Esq.); and
>
> (iii) King & Spalding LLP, 1185 Avenue of the Americas, New York, New York 10036 (Attn:  Michael Rupe, Esq. and Christopher G. Boies, Esq.) and 1180 Peachtree Street, Atlanta, Georgia 30309 (Attn:  W. Austin Jowers, Esq.), the attorneys for Credit Suisse AG, Cayman Islands Branch, as (a) administrative agent and collateral agent under that certain Credit Agreement, dated as of February 14, 2013 and amended as of May 3, 2013, and (b) agent under the Debtors' proposed postpetition debtor-in-possession financing facility; and it is further

ORDERED that objections, if any, not timely filed and served in the manner set forth above shall not be considered and shall be overruled; and it is further

ORDERED that the Debtors shall file their brief in support of confirmation of the Prepackaged Plan, and their reply to any objections no later than one (1) day before the Combined Hearing; and it is further

ORDERED that the Debtors are authorized to combine the notice of the Combined Hearing, notice of the commencement of the chapter 11 cases, and notice of deferral of the Section 341(a) Meeting until confirmation of the Prepackaged Plan; and it is further

ORDERED that the form of Combined Notice is approved in its entirety, and the Debtors shall mail or cause to be mailed a copy of the Combined Notice or a summary thereof as soon as reasonably possible after the entry of this Scheduling Order upon: (a) all of the Debtors' known creditors and equity interest holders, (b) the Office of the U.S. Trustee for Region 2; (c) the Securities and Exchange Commission; (c) King & Spalding LLP, counsel for Credit Suisse AG, Cayman Islands Branch, as (x) administrative agent and collateral agent under the Prepetition Credit Agreement; (d) all other entities required to be served under Bankruptcy Rules 2002 and 3017; or otherwise in compliance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Guidelines; and it is further

ORDERED that substantially contemporaneously with the service of the Combined Notice, the Debtors shall cause to be posted to their Website maintained by the Voting Agent, various chapter 11 related documents, including, among others, the following: (a) the Prepackaged Plan, (b) the Disclosure Statement, (c) the Motion and any orders entered in connection with the Motion, and (d) the Combined Notice. The Debtors' Website address is: http://cases.primeclerk.com/fairway; and it is further

ORDERED that the Debtors shall publish a notice substantially similar to the Combined Notice (or a summary thereof) in *The New York Times* (national edition), and any other publications the Debtors deem necessary; and it is further

ORDERED that the notice procedures set forth above constitute good and sufficient notice of the Combined Hearing, the commencement of the chapter 11 cases, the deferral of the Section 341(a) Meeting until confirmation of the Prepackaged Plan, and the deadline and procedures for objecting to the approval of the Solicitation Procedures, adequacy of

5

the Disclosure Statement, and confirmation of the Prepackaged Plan, and no other or further

notice shall be necessary; and it is further

    ORDERED that the Section 341(a) Meeting is deferred until confirmation of the

Prepackaged Plan and need not be convened unless the Prepackaged Plan is not confirmed by

sixty (60) days after the Commencement Date or such later date as may be determined by the

Court; and it is further

    ORDERED that the Debtors are authorized to take all action necessary to the

relief granted in this Order; and it is further

    ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation, interpretation and/or enforcement of this

Order.


Dated: _____, 2016
   New York, New York

         _____
         UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK**

| In re<br><br>**FAIRWAY GROUP HOLDINGS CORP.** *et al.,*<br><br>Debtors. | **Chapter 11 Case No:**<br>**16-_____ (____)**<br>**(Jointly Administered)** |
|---|---|

**Notice of Chapter 11 Bankruptcy Cases**

Chapter 11 bankruptcy cases concerning the debtors listed below were filed on May 2, 2016.  You may be a creditor of one of the debtors.  **This notice lists important deadlines.**  You may want to consult an attorney to protect your rights.  **You are not being sued or forced into bankruptcy**.  All documents filed with the Bankruptcy Court will be available for inspection at the Office of the Clerk of the Bankruptcy Court and the Court's website, www.nysb.uscourts.gov, as well as (A) by written request to the Debtors' Claims and Noticing Agent, Prime Clerk at the following address: 830 3rd Avenue, 3rd Floor, New York, New York 10022; (B) by phone at 844-597-1421; or (C) by accessing its website http://cases.primeclerk.com/fairway.  Note that you need a PACER password and login to access documents on the Bankruptcy Court's website (a PACER password may be obtained by accessing the PACER website, http://pacer.psc.uscourts.gov.

NOTE:  The staff of the Bankruptcy Clerk's Office, the Office of the United States Trustee, and the Debtors' Claims and Noticing Agent cannot give legal advice.

See Reverse Side for Important Explanations

| <u>Name of Debtor</u> | <u>Case Number</u> | <u>Tax Identification Number</u> |
|---|---|---|
| Fairway Group Holdings Corp. | 16-_____(___) | 20-5942788 |
| Fairway Group Acquisition Company | 16-_____(___) | 20-5942860 |
| Fairway Bakery LLC | 16-_____(___) | 27-3934129 |
| Fairway Broadway LLC | 16-_____(___) | 20-5948591 |
| Fairway Chelsea LLC | 16-_____(___) | 80-0890288 |
| Fairway Construction Group, LLC | 16-_____(___) | 26-0342741 |
| Fairway Douglaston LLC | 16-_____(___) | 80-0192650 |
| Fairway East 86th Street LLC | 16-_____(___) | 27-3933822 |
| Fairway eCommerce LLC | 16-_____(___) | 27-4563081 |
| Fairway Georgetowne LLC | 16-_____(___) | 36-4809609 |
| Fairway Greenwich Street LLC | 16-_____(___) | 90-1036422 |
| Fairway Group Central Services LLC | 16-_____(___) | 20-5957843 |
| Fairway Group Plainview LLC | 16-_____(___) | 20-5948643 |
| Fairway Hudson Yards LLC | 16-_____(___) | 61-1719331 |
| Fairway Kips Bay LLC | 16-_____(___) | 32-0360791 |
| Fairway Nanuet LLC | 16-_____(___) | 80-0839240 |
| Fairway Paramus LLC | 16-_____(___) | 26-2703338 |

| Fairway Pelham LLC | 16-_____(__) | 26-2173119 |
|---|---|---|
| Fairway Pelham Wines & Spirits LLC | 16-_____(__) | 27-2153141 |
| Fairway Red Hook LLC | 16-_____(__) | 20-5948813 |
| Fairway Stamford LLC | 16-_____(__) | 80-0300738 |
| Fairway Stamford Wines & Spirits LLC | 16-_____(__) | 27-2153021 |
| Fairway Staten Island LLC | 16-_____(__) | 36-4801732 |
| Fairway Uptown LLC | 16-_____(__) | 20-5948719 |
| Fairway Westbury LLC | 16-_____(__) | 61-1676240 |
| Fairway Woodland Park LLC | 16-_____(__) | 35-2429544 |

**OTHER NAMES USED BY THE DEBTORS IN THE PAST 8 YEARS**: Fairway; Fairway Market; Fairway- Like No Other Market; Fairway Como Ningún Otro Mercado; The World's Greatest Food Store; The World's Greatest Wines & Spirits Store; Fairway Café; Fairway Café & Steakhouse; Fairway Wines & Spirits; and Fairway Wines.

**Attorneys for Debtors**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: 212-310-8000
Facsimile: 212-310-8007
Ray C. Schrock, P.C.
Matthew S. Barr, Esq.
Sunny Singh, Esq.

**DEADLINE TO FILE A PROOF OF CLAIM**
You are not required to file a
claim at this time.  If the Court sets a claims deadline, you will be notified and provided a proof of claim form by mail.

**DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS**

Any objections to discharge must be filed by no later than 5:00 p.m. (Prevailing Eastern Time) on [                    ], 2016 in accordance with the procedures set forth in the section below entitled "Hearing on Adequacy of the Disclosure Statement, Solicitation Procedure and Confirmation of the Plan"

**CREDITORS MAY NOT TAKE CERTAIN ACTIONS**

IN MOST INSTANCES, THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTORS AND THE DEBTORS' PROPERTY.  UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTORS CAN REQUEST THE COURT TO EXTEND OR IMPOSE A STAY.  IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED.  COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTORS TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTORS TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTORS, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS.  CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE.

| Address of the Clerk of the Bankruptcy Court | For the Court:  Vito Genna |
|---|---|
| Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York  10004 Telephone:  (212) 668-2870 | Clerk of the Bankruptcy Court |
| Hours Open: 8:30 a.m. – 5:00 p.m. | Date: _____ |

| EXPLANATIONS | |
|---|---|
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in the Bankruptcy Court by each of the Debtors named above, and an order for relief has been entered.  Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan.  A plan is not effective unless confirmed by the court.  On the Commencement Date, the Debtors filed with the Bankruptcy Court the Joint Prepackaged Chapter 11 Plan of Fairway Group Holdings Corp. and Its Affiliated Debtors (the "**Prepackaged Plan**") [Docket No. ___], through their Disclosure Statement for Joint Chapter 11 Plan of Fairway Group Holdings Corp. and Its Affiliated Debtors pursuant to sections 1125 and 1126(b) of the Bankruptcy Code ("**Disclosure Statement**") [Docket No.___].  Copies of the Prepackaged Plan and Disclosure Statement may be obtained free of charge (i) by contacting the Debtors' voting agent, Prime Clerk by phone at 844-597-1421; (ii) by email at fairwayinfo@PrimeClerk.com including "Fairway" in the subject line of any such email; or (iii) through the Debtors' restructuring website at http://cases.primeclerk.com/fairway.  Unless a trustee is serving, the Debtors will remain in possession of the Debtors' property and may continue to operate their businesses. |
| Hearing on Adequacy of the Disclosure Statement, Solicitation Procedure and Confirmation of the Plan | The Combined Hearing to consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Prepackaged Plan) will be held before the Honorable _____, United States Bankruptcy Judge, in court room __ of the United States Bankruptcy Court, One Bowling Green, New York, NY 10004, on _____, 2016 at _:__ _.m. (prevailing Eastern time).  Any objections to the approval of the Disclosure Statement, the Solicitation Procedures, or confirmation of the Prepackaged Plan must:  (a) be in writing; (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection; (d) conform to the Bankruptcy Rules and the Local Rules; (e) be filed with the Bankruptcy Court (i) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and (ii) by all other parties in interest, on a 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable; and (f) be served in accordance with General Order M-399 no later than 5:00 p.m. (Prevailing Eastern Time) on [              ], 2016 (the "**Objection Deadline**"), on the following parties: (i) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York  10153 (Attn: Ray C. Schrock, P.C., Matthew S. Barr, Esq., and Sunny Singh, Esq.); (ii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY  10014 (Attn: Greg Zipes, Esq. and Andy Velez-Rivera, Esq.); (iii) the attorneys for Credit Suisse AG, Cayman Islands Branch, as (a) administrative agent and collateral agent under that certain Credit Agreement, dated as of February 14, 2013 and amended as of May 3, 2013, and (b) agent under the Debtors' proposed postpetition debtor-in-possession financing facility, (i) King & Spalding LLP, 1185 Avenue of the Americas, New York, New York 10036 (Attn:  Michael Rupe, Esq. and Christopher G. Boies, Esq.), and (ii) King & Spalding LLP, 1180 Peachtree Street, Atlanta, Georgia 30309 (Attn:  W. Austin Jowers, Esq.). |
| Legal Advice | The staff of the bankruptcy clerk's office or the United States Trustee's office cannot give legal advice.  Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in section 362 of the Bankruptcy Code.  Common examples of prohibited actions include contacting the debtors by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the Debtors; repossessing the Debtors' property; and starting or continuing lawsuits or foreclosures.  Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the Debtors can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "**Section 341(a) Meeting**") will be deferred until confirmation of the Plan.  **The Section 341(a) Meeting will not be convened if the Plan is confirmed within sixty (60) days after the Petition Date.**  If the Section 341(a) Meeting will be convened, the Debtors will file, serve on the parties on whom it served this notice, and post on the Debtors' restructuring website at http://cases.primeclerk.com/fairway, not less than seven (7) days before the date scheduled for such meeting, a notice of the date, time, and place of the Section 341(a) Meeting. |
| Claims | You should refer to the Debtors' Prepackaged Plan and Disclosure Statement and the Motion of Debtors for Interim and Final Authority to Pay Prepetition Claims of General Unsecured Creditors in the Ordinary Course of Business Pursuant to Sections 105, 262, 363, and 503 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 [Docket No. ___] for information regarding the treatment of and distributions on account of claims against the Debtors in their chapter 11 cases.  You are required to file a proof of claim.  A proof of claim is a signed statement describing a creditor's claim.  If the court sets a deadline to file a proof of claim in these chapter 11 |

| | |
|---|---|
| | cases, you will be sent another notice.  A secured creditor retains rights in its collateral regardless of whether that creditor files a proof of claim.<br>**Filing Deadline for a Creditor with a Foreign Address**:  If a deadline for filing claims is set in these chapter 11 cases, it will be set forth in a later court order and will apply to all creditors unless the order provides otherwise.  If notice of the order setting the deadline is sent to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | Confirmation of the Prepackaged Plan may result in a discharge of debts, which may include all or part of your debt.  *See* Bankruptcy Code § 1141(d).  A discharge means that you may never try to collect the debt from the Debtors, except as provided in the plan.  If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side.  The bankruptcy clerk's office must receive the objection by that deadline. |
| Bankruptcy Clerk's Office | Any paper that you file in these bankruptcy cases should be filed on the court's Electronic Case File System (ECF) using an attorney's login and password issued by the court or on a diskette or compact disk (CD) in PDF format.  If you are unable to file electronically or to submit a copy of your filing on diskette or compact disk (CD), you may file conventionally, provided that you submit with your filing an affidavit of your inability to comply. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

## Summary of Prepackaged Plan[1]

On the Commencement Date, the Debtors filed the Prepackaged Plan and Disclosure Statement. The Plan and Disclosure Statement may be obtained (a) at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004, where they may be reviewed from 9:00 am – 4:30 pm (prevailing Eastern time); (b) by accessing the Bankruptcy Court's website, www.nysb.uscourts.gov; (c) by written request to the Debtors' voting agent, Prime Clerk LLC, 830 3rd Avenue, 3rd Floor New York, New York 10022; or (d) by accessing the case website free of charge at http://cases.primeclerk.com/fairway.

The Plan provides that holders of allowed prepetition trade and other general unsecured claims will be paid, or otherwise treated, in the ordinary course as if the Debtors had not commenced these chapter 11 cases.  The Debtors' Senior Secured Lenders shall receive their pro-rata share of:

- ninety percent (90%) of the ordinary shares of reorganized Holdings (the "**New Common Stock**"), subject to the issuance of up to 10% of New Common Stock by the new board of directors in its discretion to the reorganized Debtors' management team pursuant to a post-emergence management incentive plan;

- a $45 million last out exit term loan (the "**Last Out Exit Term Loan**"), with Reorganized Acquisition as borrower, and each of the other Fairway entities as guarantors, which shall be secured by all of the assets of Fairway; and

- an unsecured subordinate loan in an aggregate principal amount of $39 million, with Reorganized Holdings as borrower (the "**Subordinated Holdco Loan**").  None of the other Fairway entities will guarantee Reorganized Holdings' obligations under the Subordinated Holdco Loan.

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Prepackaged Plan.

All existing shares of Class A Common Stock and Class B Common Stock in Fairway Holdings Corp. shall be cancelled under the Prepackaged Plan and holders of these interests will not receive any distributions thereunder.

On May 2, 2016, the Debtors commenced solicitation of votes to accept the Prepackaged Plan from the holders of claims of Class 3 Claims (Secured Loan Claims) of record as of April 29, 2016. Only holders of Class 3 Claims, the claims arising under that certain Credit Agreement, dated February 14, 2013, by and among Fairway Group Holdings Corp., as parent, Fairway Group Acquisition Company, as borrower, the lenders party thereto, and Credit Suisse AG, Cayman Islands Branch, as administrative and collateral agent, as amended, modified or supplemented from time to time (the "**Credit Agreement**"), are entitled to vote to accept or reject the Prepackaged Plan. All other classes of claims are either deemed to accept or deemed to reject the Prepackaged Plan. **The deadline for the submission of votes to accept or reject the Plan is May 12, 2016 at 5:00 p.m. (Prevailing Eastern Time).**

**A.      Classification and Treatment.** The following chart summarizes the classification and treatment provided under the Plan to each class of Claims and Interests and indicates the acceptance or rejection of the Plan by each class:

| Class | Claim or Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Plan | Approx. Percentage Recovery |
|---|---|---|---|---|---|
| 1 | Priority Non-Tax Claims | Except to the extent that a holder of an Allowed Priority Non-Tax Claim agrees to a less favorable treatment of such Claim, in full and final satisfaction of such Allowed Priority Non-Tax Claim, at the sole option of the Debtors or the Reorganized Debtors, (i) each such holder shall receive payment in Cash in an amount equal to such Claim, payable on the later of the Effective Date and the date that is ten (10) Business Days after the date on which such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, in each case, or as soon as reasonably practicable thereafter, (ii) such holder's Allowed Priority Non-Tax Claim shall be Reinstated, or (iii) such holder shall receive such other treatment so as to render such holder's Allowed Priority Non-Tax Claim Unimpaired pursuant to section 1124 of the Bankruptcy Code. | Unimpaired | No (Deemed to accept) | 100% |
| 2 | Other Secured Claims | Except to the extent that a holder of an Allowed Other Secured Claim agrees to a less favorable treatment of such Claim, in full and final satisfaction of such Allowed Other Secured Claim, at the sole option of the Debtors or the Reorganized Debtors, (i) each such holder shall receive payment in Cash in an amount equal to such Claim, payable on the later of the Effective Date and the date that is ten (10) Business Days after the date on which such Other Secured Claim becomes an Allowed Other Secured Claim, in each case, or as soon as reasonably practicable thereafter, (ii) such holder's Allowed Other Secured Claim shall be Reinstated, or (iii) such holder shall receive such other treatment so as to render such holder's Allowed Other Secured Claim Unimpaired pursuant to section 1124 of the Bankruptcy Code. | Unimpaired | No (Deemed to accept) | 100% |

| Class | Claim or Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Plan | Approx. Percentage Recovery |
|---|---|---|---|---|---|
| 3 | Secured Loan Claims | Except to the extent that a holder of an Allowed Secured Loan Claim agrees to a less favorable treatment of such Claim, each such holder shall receive, in full and final satisfaction of such Claim and in accordance with Section 5.4(b) of the Plan, on the Effective Date, or as soon as reasonably practicable thereafter, such holder's Pro Rata share of (i) ninety percent (90%) of the New Common Stock issued on the Effective Date, (ii) the Last Out Exit Term Loan, and (iii) the Subordinated Holdco Loan.  On the Effective Date, each holder of an Allowed Secured Loan Claim that votes in favor of the Plan shall be deemed to have sold, assigned, or otherwise transferred all of such holder's Guarantee Claims against Lake Grove to Reorganized Fairway Acquisition. | Impaired | Yes | 42.4-52% |
| 4 | General Unsecured Claims | Except to the extent that a holder of an Allowed General Unsecured Claim agrees to a less favorable treatment of such Claim or has been paid before the Effective Date, on and after the Effective Date, the Reorganized Debtors shall continue to pay or treat each Allowed General Unsecured Claim in the ordinary course of business as if the Chapter 11 Cases had never been commenced, subject to all defenses or disputes the Debtors and Reorganized Debtors may have with respect to such Claims, including as provided in Section 10.8 of the Plan. | Unimpaired | No (Deemed to accept) | 100% |
| 5 | Intercompany Claims | On the Effective Date, or as soon as practicable thereafter, all Intercompany Claims shall be adjusted, reinstated, or discharged to the extent reasonably determined to be appropriate by the Debtors and the Requisite Lenders. | Unimpaired | No (Deemed to accept) | N/A |
| 6 | Existing Holdings Interests | On the Effective Date, all Existing Holdings Interests shall be deemed canceled, and the holders of Existing Holdings Interests shall not receive or retain any property under the Plan on account of such Interests. | Impaired | No (Deemed to Reject) | 0% |
| 7 | Intercompany Interests | Except as provided in Section 5.1(a) of the Plan, on the Effective Date, and without the need for any further corporate or limited liability company action or approval of any board of directors, management, or shareholders of any Debtor or Reorganized Debtor, as applicable, all Intercompany Interests held by Holdings or a direct or indirect subsidiary of Holdings shall be unaffected by the Plan and continue in place following the Effective Date, solely for the administrative convenience of maintaining the existing corporate structure of the Debtors that are subsidiaries of Holdings. | Unimpaired | No (Deemed to accept) | N/A |
| 8 | Subordinated Securities Claims | The holders of Subordinated Securities Claims shall not receive or retain any property under the Plan on account of such Claims and the obligations of the Debtors and the Reorganized Debtors, as applicable, on account of such Subordinated Claims shall be discharged. | Impaired | No (Deemed to reject) | 0% |

**B.** **Treatment of Executory Contracts.**

As of the Effective Date and the payment of any applicable Cure amount, all executory contracts and unexpired leases to which any of the Debtors are parties, and which have not expired by their own terms on or prior to the Confirmation Date, including the Employment Agreements, shall be deemed assumed except for any executory contract or unexpired lease that (a) previously has been assumed or rejected pursuant to a Final Order of the Bankruptcy Court, (b) is the subject of a separate (i) assumption motion filed by the Debtors (with the consent of the Requisite Lenders) or (ii) rejection motion filed by the Debtors (with the consent of the Requisite Lenders) under section 365 of the Bankruptcy Code before the Confirmation Date, or (c) is the subject of a pending Cure Dispute.  Subject to the occurrence of the Effective Date, entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of the assumptions provided for in the Plan pursuant to sections 365(a) and 1123 of the Bankruptcy Code.  Each executory contract and unexpired lease assumed or assumed and assigned pursuant to the Plan shall vest in and be fully enforceable by the applicable Reorganized Debtor or assignee in accordance with its terms, except as modified by the provision of the Plan, any order of the Bankruptcy Court authorizing and providing for its assumption or assumption and assignment, or applicable law.

**C.** **Discharge, Injunction, Releases, and Exculpation.**  Please be advised that the Plan contains the following discharge and injunction provisions, releases, and exculpation of certain parties identified in the Plan.

**Section 10.3 of the Prepackaged Plan: Discharge of Claims and Termination of Interests.**

Upon the Effective Date and in consideration of the distributions to be made hereunder, except as otherwise expressly provided herein, each holder (as well as any representatives, trustees, or agents on behalf of each holder) of a Claim or Interest and any affiliate of such holder shall be deemed to have forever waived, released, and discharged the Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Interest, rights, and liabilities that arose prior to the Effective Date.  Upon the Effective Date, all such Entities shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claim against or terminated Interest in the Debtors.

**Section 10.4 of the Prepackaged Plan: Term of Injunctions or Stays.**

Unless otherwise provided herein or in a Final Order of the Bankruptcy Court, all injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay.  For the avoidance of doubt, the Trading Order shall remain enforceable beyond the Effective Date with respect to Existing Holdings Interests.  The Trading Order has no applicability or effect with respect to the trading of New Common Stock.

**Section 10.5 of the Prepackaged Plan: Injunction**

(a)      Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

(b)      Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court or as agreed to by the Debtors and a holder of a Claim against or Interest in the Debtors, all Entities who have held, hold or may hold Claims against or Interests in any or all of the Debtors (whether proof of such Claims or Interests has been filed or not) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are extinguished or released pursuant to the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Released Parties or the property of any of the Released Parties, (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Released Parties or the property of any of the Released Parties, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Released Parties or the property of any of the Released Parties, (iv) asserting any right of setoff, directly or indirectly, against any obligation due the Released Parties or the property of any of the Released Parties, except as contemplated or allowed by the Plan; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

(c)      By accepting distributions pursuant to the Plan, each holder of an Allowed Claim or Interest will be deemed to have affirmatively and specifically consented to be bound by the Plan, including, without limitation, the injunctions set forth in this Section 0.

(d)      The injunctions in this Section 0 shall extend to any successors of the Debtors and the Reorganized Debtors and their respective property and interests in property.

### Section 10.6(a) of the Prepackaged Plan: Releases by the Debtors

As of the Effective Date, except (i) for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remain in effect or become effective after the Effective Date or (ii) as otherwise provided in the Plan or in the Confirmation Order, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, on and after the Effective Date, the Released Parties are deemed released and discharged by the Debtors, the Reorganized Debtors, and the Estates from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, the Reorganized Debtors, the Estates, or their affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation, or consummation of the Plan (including the Plan Supplement), the Restructuring Support Agreement, the Shareholders Agreement, the Amended and Restated Credit Agreement (including the Exit Facility), the DIP Loan Agreement, or related agreements, instruments, or other documents, the solicitation of votes with respect to the Plan, and upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; *provided*, that nothing in this Section 10.6(a) shall be construed to release any party or Entity from willful misconduct or intentional fraud as determined by Final Order.

**Section 10.6(b) of the Prepackaged Plan: Releases by Holders of Claims and Interests**

As of the Effective Date, except (i) for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remain in effect or become effective after the Effective Date or (ii) as otherwise provided in the Plan or in the Confirmation Order, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each Releasing Party, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released, and discharged the Debtors, the Reorganized Debtors, and the Released Parties from any and all Claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring, the Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions, or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation, or consummation of the Plan (including the Plan Supplement), the Restructuring Support Agreement, the Shareholders Agreement, the Amended and Restated Credit Agreement (including the Exit Facility), the DIP Loan Agreement, or related agreements, instruments or other documents, the solicitation of votes with respect to the Plan, and upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; *provided*, that nothing in this Section 10.6(b) shall be construed to release any party or Entity from willful misconduct or intentional fraud as determined by Final Order.

**"Releasing Party"** means: each of, and solely in its capacity as such, (a) the holders of Impaired Claims or Interests other than the Excluded Releasing Parties, (b) the holders of Unimpaired Claims, and (c) with respect to the foregoing Entities in clauses (a) and (b), such Entities' predecessors, successors and assigns, subsidiaries, affiliates, managed accounts or funds, current or former officers, directors, principals, shareholders, members, partners, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors and other professionals, and such Entities' respective heirs, executors, estates, servants and nominees. To the extent a person or entity is an Excluded Releasing Party with respect to one or more Claims or Interests but is a Releasing Party with respect to one or more other Claims or Interests, then such person or entity shall be a Releasing Party with respect to all Claims and Interests.

**Section 10.7 of the Prepackaged Plan: Exculpation**

Notwithstanding anything herein to the contrary, and to the maximum extent permitted by applicable law, the Exculpated Parties shall neither have nor incur any liability to any holder of a Claim or Interest for any act or omission (both prior to and subsequent to the Commencement Date) in connection with, related to, or arising out of, the Chapter 11 Cases, the Plan (including, without limitation, the Plan Supplement), the Restructuring Support Agreement, the DIP Facility, the DIP Loan Agreement, the Exit Facility, the Shareholders Agreement, any settlement or agreement in the Chapter 11 Cases, the pursuit of confirmation of the Plan, the consummation of the Plan and the Definitive Documents (including, but not limited to, Definitive Documents with respect to the Exit Facility), the offer, issuance, and distribution of any securities issued or to be issued pursuant to the Plan, whether or not such distribution occurs following the Effective Date, negotiations regarding or concerning any of the foregoing, or the

administration of the Plan or property to be distributed hereunder, except for actions determined by Final Order to constitute willful misconduct or intentional fraud.

### Hearing on Adequacy of Disclosure Statement and Solicitation Procedures and Confirmation of Plan

The Combined Hearing to consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Prepackaged Plan) will be held before the Honorable _____, United States Bankruptcy Judge, in court room __ of the United States Bankruptcy Court, One Bowling Green, New York, NY 10004, on _____, 2016 at _:__ _.m. (prevailing Eastern time).  The Combined Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court or at the Combined Hearing and notice of such adjourned date(s) will be available on the case website free of charge at http://cases.primeclerk.com/fairway.

Any objections to the approval of the Disclosure Statement, the Solicitation Procedures, or confirmation of the Prepackaged Plan must:  (a) be in writing; (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection; (d) conform to the Bankruptcy Rules and the Local Rules; (e) be filed with the Bankruptcy Court (i) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and (ii) by all other parties in interest, on a 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable; and (f) be served in accordance with General Order M-399 no later than 5:00 p.m. (Prevailing Eastern Time) on [                    ], 2016 (the "**Objection Deadline**"), on the following parties: (i) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York  10153 (Attn: Ray C. Schrock, P.C., Matthew S. Barr, Esq., and Sunny Singh, Esq.); (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY  10014 (Attn: Greg Zipes, Esq. and Any Velez-Rivera, Esq.); (iii) the attorneys for Credit Suisse AG, as administrative agent and collateral agent under that certain Credit Agreement, dated as of February 14, 2013 and amended as of May 3, 2013, and as agent under the proposed postpetition financing facility, (a) King & Spalding LLP, 1185 Avenue of the Americas, New York, New York 10036 (Attn:  Michael Rupe, Esq. and Christopher G. Boies, Esq.), and (b) King & Spalding LLP, 1180 Peachtree Street, Atlanta, Georgia 30309 (Attn:  W. Austin Jowers, Esq).

**UNLESS AN OBJECTION IS TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED**

### Section 341(a) Meeting

A meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "**Section 341(a) Meeting**") will be deferred until confirmation of the Plan.  **The Section 341(a) Meeting may be convened if the Plan is confirmed within sixty (60) days after the Petition Date.**  If the Section 341(a) Meeting will be convened, the Debtors will file, serve on the parties on whom it served this notice, and

post on the Website at http://cases.primeclerk.com/fairway, not less than seven (7) days before the date scheduled for such meeting, a notice of the date, time, and place of the Section 341(a) Meeting. The Debtors' representative, as specified in Rule 9001(5) of the Federal Rules of Bankruptcy Procedure, is required to appear at the Section 341(a) Meeting for the purpose of being examined under oath. Attendance by creditors at the meeting is welcomed, but not required. The meeting may be adjourned or continued from time to time by notice at the Section 341(a) Meeting, without further notice to the creditors.

Dated: New York, New York,
       [         ], 2016

_____
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Matthew S. Barr
Sunny Singh

*Proposed Attorneys for Debtors
and Debtors in Possession*

**<u>Exhibit C</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re                                        :
                                             :        **Chapter 11**
**FAIRWAY GROUP HOLDINGS**                   :
**CORP.,** *et al.*,                         :        **Case No. 16-[_____] (___)**
                                             :
            **Debtors.**                     :        **(Joint Administration Pending)**

------------------------------------------------------------------x

**NOTICE OF (I) COMMENCEMENT
OF CHAPTER 11 CASES OF FAIRWAY
GROUP HOLDINGS CORP. AND CERTAIN
AFFILIATES, SUMMARY OF JOINT PREPACKAGED
PLAN OF REORGANIZATION OF FAIRWAY GROUP
HOLDINGS CORP. *ET AL.*, AND (II) COMBINED
HEARING ON (A) ADEQUACY OF THE DISCLOSURE STATEMENT
AND SOLICITATION PROCEDURES, (B) CONFIRMATION
OF THE PLAN OF REORGANIZATION AND (III) RELATED MATTERS**

**NOTICE IS HEREBY GIVEN** as follows:

On May 2, 2016 (the "**Commencement Date**"),[1] Fairway Group Holdings Corp. and its affiliated debtors identified below (collectively, the "**Debtors**") filed voluntary petitions commencing cases under chapter 11 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). On the Commencement Date, the Debtors filed the *Joint Chapter 11 Plan of Reorganization of Fairway Group Holdings Corp. and Its Affiliated Debtors*, dated as of May 2, 2016, (as may be amended or modified, the "**Prepackaged Plan**") and disclosure statement for the Prepackaged Plan, dated as May 2, 2016 (as may be amended or modified, the "**Disclosure Statement**") pursuant to sections 1125 and 1126(b) of the Bankruptcy Code.

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Fairway Group Holdings Corp. (2788); Fairway Group Acquisition Company (2860); Fairway Bakery LLC (4129); Fairway Broadway LLC (8591); Fairway Chelsea LLC (0288); Fairway Construction Group, LLC (2741); Fairway Douglaston LLC (2650); Fairway East 86th Street LLC (3822); Fairway eCommerce LLC (3081); Fairway Georgetowne LLC (9609); Fairway Greenwich Street LLC (6422); Fairway Group Central Services LLC (7843); Fairway Group Plainview LLC (8643); Fairway Hudson Yards LLC (9331); Fairway Kips Bay LLC (0791); Fairway Nanuet LLC (9240); Fairway Paramus LLC (3338); Fairway Pelham LLC (3119); Fairway Pelham Wines & Spirits LLC (3141); Fairway Red Hook LLC (8813); Fairway Stamford LLC (0738); Fairway Stamford Wines & Spirits LLC (3021); Fairway Staten Island LLC

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Prepackaged Plan.

(1732); Fairway Uptown LLC (8719); Fairway Westbury LLC (6240); and Fairway Woodland Park LLC (9544).

The Prepackaged Plan provides that holders of allowed prepetition trade and other general unsecured claims will be paid, or otherwise treated, in the ordinary course as if the Debtors had not commenced these chapter 11 cases.  The Debtors' Senior Secured Lenders shall receive their pro-rata share of (i) 90% of new common stock in reorganized Holdings, (ii) a $45 million last out exit term loan and (iii) a $39 million unsecured subordinate loan.  All existing shares of Class A Common Stock and Class B Common Stock in Fairway Holdings Corp. shall be cancelled under the Prepackaged Plan and holders of these interests will not receive any distributions thereunder.

The Plan is a "prepackaged" plan of reorganization.  Only holders of Class 3 Claims, the Secured Loan Claims arising under the Debtors' prepetition credit agreement, are entitled to vote to accept or reject the Prepackaged Plan.  All other classes of claims were either deemed to accept or deemed to reject the Prepackaged Plan.  On May 2, 2016, the Debtors commenced solicitation of votes to accept the Prepackaged Plan from the holders of claims of Class 3 Claims (Secured Loan Claims) of record as of April 29, 2016.  **The deadline for the submission of votes to accept or reject the Plan is May 12, 2016 at 5:00 p.m. (Prevailing Eastern Time).**

The Plan and Disclosure Statement may be obtained (a) by written request to the Debtors' Claims and Noticing Agent, Prime Clerk at the following address: 830 3rd Avenue, 3rd Floor, New York, New York 10022; (b) by phone at 844-597-1421; (c) by accessing the Debtors' restructuring website at http://cases.primeclerk.com/fairway; (d) through the Bankruptcy Court's website www.nysb.uscourts.gov; or (e) at the office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004, between 9:00am – 4:30pm (prevailing Eastern time).

The Combined Hearing to consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Prepackaged Plan) will be held before the Honorable _____, United States Bankruptcy Judge, in court room __ of the United States Bankruptcy Court, One Bowling Green, New York, NY 10004, on _____, 2016 at _:__ _.m. (prevailing Eastern time).  The Combined Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court or at the Combined Hearing and notice of such adjourned date(s) will be available on the case website free of charge at http://cases.primeclerk.com/fairway.

Any objections to the approval of the Disclosure Statement, the Solicitation Procedures, or confirmation of the Prepackaged Plan must:  (a) be in writing; (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection; (d) conform to the Bankruptcy Rules and the Local Rules; (e) be filed with the Bankruptcy Court (i) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and (ii) by all other parties in interest, on a 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable; and (f) be served in accordance with General Order M-399 no later than 5:00 p.m. (Prevailing Eastern Time) on [          ], 2016  (the  "**Objection Deadline**"), on the following parties: (i) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York  10153 (Attn: Ray C. Schrock, P.C.,

Matthew S. Barr, Esq., and Sunny Singh, Esq.); (ii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Greg Zipes, Esq. and Andy Velez-Rivera, Esq.); (iii) the attorneys for Credit Suisse AG, Cayman Islands Branch, as (a) administrative agent and collateral agent under that certain Credit Agreement, dated as of February 14, 2013 and amended as of May 3, 2013, and (b) agent under the Debtors' proposed postpetition debtor-in-possession financing facility, (i) King & Spalding LLP, 1185 Avenue of the Americas, New York, New York 10036 (Attn: Michael Rupe, Esq. and Christopher G. Boies, Esq.), and (ii) King & Spalding LLP, 1180 Peachtree Street, Atlanta, Georgia 30309 (Attn: W. Austin Jowers, Esq.).

**UNLESS AN OBJECTION IS TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED**

### Section 341(a) Meeting

A meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "**Section 341(a) Meeting**") will be deferred until confirmation of the Plan. **The Section 341(a) Meeting may be convened if the Plan is confirmed within sixty (60) days after the Petition Date.** If the Section 341(a) Meeting will be convened, the Debtors will file, serve on the parties on whom it served this notice, and post on the Website at http://cases.primeclerk.com/fairway, not less than seven (7) days before the date scheduled for such meeting, a notice of the date, time, and place of the Section 341(a) Meeting. The Debtors' representative, as specified in Rule 9001(5) of the Federal Rules of Bankruptcy Procedure, is required to appear at the Section 341(a) Meeting for the purpose of being examined under oath. Attendance by creditors at the meeting is welcomed, but not required. The meeting may be adjourned or continued from time to time by notice at the Section 341(a) Meeting, without further notice to the creditors.

Dated: New York, New York,
      [          ], 2016

                                        _____
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007
                                        Ray C. Schrock, P.C.
                                        Matthew S. Barr
                                        Sunny Singh

                                        *Proposed Attorneys for Debtors*
                                        *and Debtors in Possession*

## Exhibit D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re                                                     :
                                                          :
**FAIRWAY GROUP HOLDINGS**                                :
**CORP.**, *et al.*,                                      :
                                                          :
              Debtors.[1]                                 :
----------------------------------------------------------------x

## BALLOT FOR ACCEPTING OR
## REJECTING JOINT PREPACKAGED PLAN OF REORGANIZATION
## OF FAIRWAY GROUP HOLDINGS CORP. AND ITS AFFILIATED DEBTORS

### BALLOT FOR:  *CLASS 3 – Secured Loan Claims*

If you are, as of April 29, 2016 (the "***Voting Record Date***"), the holder of a Claim against the Debtors arising under that certain Credit Agreement, dated February 14, 2013, by and among Fairway Group Holdings Corp., as parent, Fairway Group Acquisition Company, as borrower, the lenders party thereto, and Credit Suisse AG, Cayman Islands Branch, as administrative and collateral agent, as amended, modified or supplemented from time to time (the "**Credit Agreement**"), please use this Ballot to cast your vote to accept or reject the Prepackaged Plan of Reorganization of Fairway Group Holdings Corp., *et al*., under Chapter 11 of the Bankruptcy Code, dated May 2, 2016 (as it may be amended or modified, the "***Plan***").  The Plan is attached as Exhibit A to the Disclosure Statement, dated May 2, 2016 (as it may be amended or modified, the "***Disclosure Statement***") for the Plan, which accompanies this Ballot.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan.  The Disclosure Statement provides information to assist you in deciding how to vote on the Plan.

If you have any questions on how to properly complete this Ballot, please call Prime Clerk LLC (the "**Voting Agent**") at (844) 597-1421 (domestic toll-free) or (917) 258-6101 (international) or email fairwayballots@primeclerk.com.  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  Fairway Group Holdings Corp. (2788); Fairway Group Acquisition Company (2860); Fairway Bakery LLC (4129); Fairway Broadway LLC (8591); Fairway Chelsea LLC (0288); Fairway Construction Group, LLC (2741); Fairway Douglaston LLC (2650); Fairway East 86th Street LLC (3822); Fairway eCommerce LLC (3081); Fairway Georgetowne LLC (9609); Fairway Greenwich Street LLC (6422); Fairway Group Central Services LLC (7843); Fairway Group Plainview LLC (8643); Fairway Hudson Yards LLC (9331); Fairway Kips Bay LLC (0791); Fairway Nanuet LLC (9240); Fairway Paramus LLC (3338); Fairway Pelham LLC (3119); Fairway Pelham Wines & Spirits LLC (3141); Fairway Red Hook LLC (8813); Fairway Stamford LLC (0738); Fairway Stamford Wines & Spirits LLC (3021); Fairway Staten Island LLC (1732); Fairway Uptown LLC (8719); Fairway Westbury LLC (6240); and Fairway Woodland Park LLC (9544).  The location of the Debtors' corporate headquarters is 2284 12th Avenue, New York, New York 10027.

This Ballot is to be used for voting by holders of Class 3 – Secured Loan Claims.  In order for your vote to be counted, this Ballot must be properly completed, signed, and returned to the Voting Agent so that it is actually received no later than 5:00 p.m. (Eastern Time) on May 12, 2016 (the "Voting Deadline"), unless such time is extended by the Debtors.

This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of, or distribution on account of, Class 3 Claims (Secured Loan Claims).

Ballots are only being solicited from holders as of the Voting Record Date who are "Qualified Institutional Buyers" (as defined in Rule 144A of the Securities Act), "institutional accredited investors" (within the meaning of Rule 501(a) of the Securities Act) or Non-"U.S. Persons" (as defined in Regulation S of the Securities Act).  If you are not in one of the foregoing categories, please do not return this Ballot.

### INSTRUCTIONS FOR COMPLETING THE BALLOT

This Ballot is submitted to you to solicit your vote to accept or reject the Plan.  The terms of the Plan are described in the Disclosure Statement for the Plan, including all exhibits thereto. PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.

To have your vote counted, you must electronically complete, sign, and return this customized Electronic Ballot by utilizing the E-Ballot platform on Prime Clerk's website by visiting https://cases.primeclerk.com/fairwayballots, clicking on the "E-Ballot" link and following the instructions set forth on the website.  Your Ballot must be received by Prime Clerk no later than the May 12, 2016, Voting Deadline, unless such time is extended by the Debtors. HOLDERS ARE STRONGLY ENCOURAGED TO SUBMIT THEIR BALLOTS VIA THE E-BALLOT PLATFORM.  Prime Clerk's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#:_____

To submit your Ballot via the "E-Ballot" platform, please visit https://cases.primeclerk.com/fairwayballots.  Click on the "E-Ballot" section of the website and follow the instructions to submit your Ballot.  Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.

If you are unable to use the E-Ballot platform or need assistance from Prime Clerk in completing and submitting your Ballot, please contact Prime Clerk:

**VIA PHONE AT (844) 597-1421 (DOMESTIC TOLL-FREE) OR (917) 258-6101 (INTERNATIONAL) OR EMAIL FAIRWAYBALLOTS@PRIMECLERK.COM.**

**Creditors who cast a Ballot using Prime Clerk's "E-Ballot" platform should NOT also submit a paper Ballot.**

To properly complete the Ballot, you must follow the procedures described below:

a.    Make sure that the information contained in Item 1 is correct;

b.    If you hold a Claim in Class 3 (Secured Loan Claims), cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

c.    Make sure to read the information regarding Third-Party Releases in Item 3;

d.    If you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 4.  By submitting the Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

e.    If more than one timely, properly completed Ballot is received, only the latest received, properly completed Ballot will be counted, unless the holder of the Claim receives Bankruptcy Court approval to have the Ballot that was earlier received be counted;

f.    Provide your name, mailing address, and any remaining information requested;

g.    Sign and date your Ballot; and

h.    Submit or return your Ballot to the Voting Agent.

**IF YOU (I) HAVE ANY QUESTIONS REGARDING THE BALLOT, (II) DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR (III) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT BY CALLING (844) 597-1421 (DOMESTIC TOLL-FREE) OR (917) 258-6101 (INTERNATIONAL) OR EMAIL FAIRWAYBALLOTS@PRIMECLERK.COM.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.  THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1**.  **Amount of Class 3 (Secured Loan Claims) Claim**.  For purposes of voting to accept or reject the Plan, the undersigned certifies that as of April 29, 2016, the undersigned holds a Class 3 (Secured Loan Claims) Claim against the Debtors listed below in the amount set forth below.

---

**Claim Amount**:          $[_____]

---

**Item 2**.  **Vote on the Plan**.  The undersigned holder of a Class 3 (Secured Loan Claims) Claim in the amount set forth in Item 1 above hereby votes to:

**Check one box only**:                    Accept the Plan

                                             Reject the Plan

**PLEASE TAKE NOTE THAT IF YOU SUBMIT THIS BALLOT TO THE VOTING AGENT AND EITHER: (I) FAIL TO INDICATE WHETHER YOU ARE ACCEPTING OR REJECTING THE PLAN OR (II) CHECK BOTH BOXES INDICATING THAT YOU ARE BOTH ACCEPTING AND REJECTING THE PLAN, YOUR BALLOT WILL BE COUNTED AS A VOTE ACCEPTING THE PREPACKAGED PLAN.**

**Item 3**. **Releases**.

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE ACCEPTED THE RELEASE PROVISIONS IN SECTION 10.6(b) OF THE PLAN.  YOU ARE ALSO DEEMED TO HAVE ACCEPTED THE RELEASE PROVISIONS IN SECTION 10.6(b) OF THE PLAN IF YOU VOTE TO REJECT THE PLAN BUT YOU DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES DESCRIBED IN THE PLAN.  IF YOU ABSTAIN FROM VOTING, YOU WILL NOT BE DEEMED TO HAVE ACCEPTED THE RELEASE.**

**By checking the box below, the undersigned holder of a Secured Loan Claim in the amount identified in Item 1 above, having voted to reject the Plan:**

              **Elects to Opt Out of the Release Provisions**

4

**IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE**

**Section 10.6(b) of the Plan contains the following provision:**

**As of the Effective Date, except (i) for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remain in effect or become effective after the Effective Date or (ii) as otherwise provided in the Plan or in the Confirmation Order, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each Releasing Party, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released, and discharged the Debtors, the Reorganized Debtors, and the Released Parties from any and all Claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring, the Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions, or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation, or consummation of the Plan (including the Plan Supplement), the Restructuring Support Agreement, the Shareholders Agreement, the Amended and Restated Credit Agreement (including the Exit Facility), the DIP Loan Agreement, or related agreements, instruments or other documents, the solicitation of votes with respect to the Plan, and upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, that nothing in this Section 10.6(b) shall be construed to release any party or Entity from willful misconduct or intentional fraud as determined by Final Order.**

**"Released Parties" means collectively: (a) the Debtors; (b) the Reorganized Debtors; (c) the Credit Agreement Agent; (d) the Consenting Lenders; (e) the DIP Agent; (f) the DIP Lenders; (g) the arrangers under each of the DIP Facility and the Exit Facility; (h) the Exit Facility Agent; (i) the Exit Facility Lenders; and (j) with respect to each of the foregoing Entities in clauses (a) through (i), such Entities' predecessors, successors and assigns, subsidiaries, affiliates, managed accounts or funds, current or former officers, directors, principals, shareholders, members, partners, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors and other professionals, and such Entities' respective heirs, executors, estates, servants and nominees.**

5

**Item 4**.  **Acknowledgements and Certification**.  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with: a copy of the Disclosure Statement, including the Plan and all other exhibits thereto.  The undersigned certifies that (i) it is the holder of the Class 3 (Secured Loan Claims) Claim identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Plan; and (iii) it is either a "Qualified Institutional Buyer" (as defined in Rule 144A of the Securities Act), "institutional accredited investor" (within the meaning of Rule 501(a) of the Securities Act) or a "Non-U.S. Person" (as defined in Regulation S of the Securities Act).  The undersigned further acknowledges that the Debtor' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claimant:    _____

Social Security or Federal Tax I.D. No. of Claimant:    _____

Signature:    _____

Name of Signatory (if different than claimant):    _____

If by Authorized Agent, Title of Agent:    _____

Street Address:    _____

City, State, Zip Code:    _____

Telephone Number:    _____

E-mail Address:    _____

Date Completed:    _____

6